## Brodsky *v.* Bell, Appellant.

*Contracts—Waiver—Vendor and vendee—Oral agreements—Affidavit of defense—Denial of default—Sufficiency.*

In an action of assumpsit, to recover money paid on account of a written contract, because of default by the defendant in performing his obligations thereunder, an affidavit of defense, which avers that the plaintiff himself, was in default, under the terms of the contract, is sufficient to prevent summary judgment.

Where a written contract has been made for the sale of property, including a store and the merchandise therein, and the contract stipulates that possession shall be given to the vendee when the title papers are delivered, a subsequent oral agreement between the parties, that the vendor will continue in the premises for a time, to assist the vendee, operates as a waiver of the covenant to vacate at the time fixed. The vendor remaining in possession under such verbal agreement is not, for that reason, in default so as to justify summary judgment against him.

The oral agreement made after the execution of the written contract was not a modification of that contract.

Argued December 12, 1921. Appeal, No. 267, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Aug. T., 1921, No. 136, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of Morris Brodsky v. Harry Bell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover money paid on contract.

The facts are stated in the opinion of the Superior Court.

The court entered judgment, in the sum of $500, for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*Jacob Weinstein,* and with him *Samuel W. Salus,* for appellant.—The oral agreement in this case is a valid

obligation, and not a modification of the written contract: Welsh v. Dick, 236 Pa. 160.

*Michael Serody*, for appellee.—The oral agreement is not binding because, under the statute of frauds, agreements for the sale of real estate must be in writing, and cannot be modified by extrinsic parol evidence: Espy v. Anderson, 14 Pa. 308; Producers' Coke Co. v. Hoover, 268 Pa. 108.

OPINION BY PORTER, J., July 13, 1922:

The plaintiff seeks to recover of the defendant the cash payment made upon a certain contract, a copy of which is attached to and made part of his statement, involving, among other things, the purchase by him of certain real estate, asserting the right to rescind the contract for the reason that the defendant had failed to execute a conveyance and deliver possession of the property. The defendant filed an affidavit averring that he had on the day fixed for settlement tendered to plaintiff a deed for the property, executed by himself and his wife; that plaintiff refused to accept the said deed; that plaintiff refused to execute and deliver the bond and mortgage required by the contract; and set forth the facts relating to the possession of the property. The court below entered judgment for want of sufficient affidavit of defense and the defendant appeals.

There is in the statement filed by plaintiff no suggestion that the title of the defendant to the real estate was not such as by the written contract required. The only allegations of default charged against the defendant were (1) that he had failed to tender a deed, executed by himself and his wife; (2) that he "refused to give and was unable to give possession of premises No. 1239 South Second Street, Philadelphia, to the plaintiff at the said settlement as called for by the said agreement for the reason that the defendant himself was actually and physically in possession of the said premises at the time of the

said settlement." The written contract expressly required the execution by the plaintiff of mortgages aggregating five thousand dollars, to secure the unpaid balance of purchase money. The defendant was entitled to receive those mortgages at the same time he delivered his deed and surrendered possession of the property. The averment of the affidavit of defense, "that the plaintiff refused to execute the bonds and mortgages requisite for the settlement," should alone have been sufficient to prevent summary judgment. If the plaintiff refused to execute the mortgages, he was himself in default, and had no right to rescind the contract upon the ground that he did not get a deed and acquire possession of property to which he was not entitled. The averment of the affidavit of defense that the defendant did tender to plaintiff a deed executed by himself and his wife, at the time agreed upon for settlement, is a clear and unequivocal denial of default in that respect. With regard to the allegation of the plaintiff that the defendant had made default in refusing to deliver possession of the property, we have already said that the averment of the affidavit of defense that the plaintiff had refused to execute the mortgages by the contract required, was a sufficient answer.

We deem it proper, however, to add that the affidavit should, upon other grounds, be held sufficient. Contracts are to be construed with a view to the relations of the parties to the subject-matter. This contract was for the sale and purchase of a business property, and involved the real estate "together with the good-will and meat shop fixtures on the premises." In addition to this, however, it contained the following covenant: "It is also agreed and understood by and between the parties hereto that at the time settlement is made......under this agreement, party of the second part (plaintiff) shall purchase stock of meats and groceries on the premises at market prices." The contract was dated April 4, 1921, and provided that settlement should be made within ninety days from said date. The purchaser was to ac-

quire the good will of a going concern. The covenants above quoted clearly indicate that it was the intention of the parties that the defendant should carry on the business and have a stock of goods in the store at the time settlement was made, which goods the plaintiff was to purchase and pay for at market prices. The affidavit of defense avers that, prior to the day of settlement, "plaintiff, who had no knowledge of the business, requested defendant, and the defendant agreed to remain on the premises for at least three weeks following the settlement to teach plaintiff the business and acquaint him with the trade." And further: "For that reason defendant did not vacate the premises on the aforesaid date, although defendant for that particular purpose purchased a house and was ready to vacate the premises in question at the shortest notice. When suddenly called upon by plaintiff for possession as aforesaid defendant offered to vacate within the following few hours on the date aforesaid and requested that the purchase money and papers remain in escrow with the trust company, the defendant further demanding that plaintiff make an inventory of the meats and groceries upon the premises and settle for same as provided by said agreement." If these allegations were true, and for purposes of this case we must accept them so to be, it was an express waiver by the plaintiff of his alleged right to require that the defendant have his goods out of the store prior to the date of settlement: Welsh v. Dick, 236 Pa. 160. The oral agreement, made after the execution of the written contract, was really not a modification of the terms of that contract. The defendant would not under it acquire any right or interest in the property, his possession, if any he had, would be the possession of the plaintiff. It is certainly not clear that the plaintiff is entitled to a summary judgment and, this being so, the defendant is entitled to a trial upon the issues raised by the pleadings: Moore v. Luzerne County, 262 Pa. 220.

The judgment is reversed with a procedendo.