## Engel et al. v. Wolf Brewing Company.

*Lease—Lease of water—Covenant—Use in brewing—Forfeiture—Equity—Remedy at law—Act of June 7, 1907.*

1. As a generol rule, while equity will relieve against a forfeiture, it never aids in enforcing one.

2. Where a lease of water from a spring provides that the water shall be used for brewing only, and that revocation of the lessee's license to brew shall work a forfeiture, the lessor cannot in equity enforce a forfeiture unless he has acted promptly in the matter; his remedy is by ejectment on the law side of the court.

3. The right to declare a forfeiture must be exercised promptly, or it is lost.

4. A bill in equity should not be dismissed because of objections made under Equity Rule No. 48, unless the facts averred in the bill show that plaintiff cannot possibly recover.

5. If the averments do not show that plaintiffs cannot possibly recover, but do show that they have a remedy in ejectment, the case will be certified to the law side of the court under the Act of June 7, 1907, P. L. 440.

Bill in equity to cancel a lease. C. P. Schuylkill Co., May T., 1926, No. 4.

*W. C. Devitt,* for plaintiffs; *L. L. Frank* and *J. F. Mahoney,* for defendant.

BERGER, J., Oct. 11, 1926.—Plaintiffs have filed a bill in equity to enforce a forfeiture against the defendant. On Nov. 26, 1909, plaintiffs entered into a written agreement with F. N. Warker, styling themselves as the lessors, and him as lessee, whereby they let unto Warker, their lessee, his heirs and assigns, for a term of ninety-nine years, at a semi-annual rental of $12.50, all the water from a certain spring or stream of water which they had acquired from Adeline Engel, April 9, 1898, together with free ingress, egress and regress to the land upon which the spring or stream is located, for the purpose of enlarging the spring, the construction of a dam for the retention of its waters and the laying, cleaning and repairing of pipes necessary to carry away the water for the lessee's use. The rights granted to Warker by this agreement were and are subject to certain reservations, none of which need here be considered. The lessee has covenanted, however, not to use the

water granted unto him for any other purpose than that of brewing, without the written consent of the lessors, and also agreed that if he did or caused to be done any act or thing resulting in the revocation, "by the court," of the wholesale license to sell malt or brewed liquors, the term granted unto him should cease and determine. The defendants have succeeded to the rights and liabilities of Warker arising under this agreement.

The plaintiffs allege (paragraph 9 of their bill) that the defendant, for unlawful acts done and caused to be done in the manufacture and sale of beer at the brewery owned by it, and using the water by virtue of the grant now under consideration, was so proceeded against in the United States District Court for Eastern Pennsylvania, that, on Jan. 5, 1926, a decree was entered against it, with its consent, restraining and enjoining it forever from maintaining, keeping, selling or bartering any liquor containing more than one-half of 1 per centum of alcohol by volume, and from using or occupying, or permitting to be occupied, the brewery for any purpose whatever for a period of eight months from the date of the decree. It is further alleged by the plaintiffs (paragraph 11 of their bill) that by the entry of this decree the license to manufacture, brew and sell malt or brewed liquors has been lost to the defendant and its terms of years has been terminated as of the date of its entry, Jan. 5, 1926.

The plaintiffs' bill has been drawn upon the theory that any violation of law, either State or Federal, by the defendant in the manner of operating its brewery and causing its operation to be suspended works a forfeiture of its lease by bringing it within the provisions of the lease providing that a revocation by the court of the defendant's license to brew shall work a forfeiture of the term. Wherefore they pray for an order (1) restraining the defendant from using the water from the spring; (2) requiring it to deliver up the lease or agreement to the plaintiffs; and (3) directing the Recorder of Deeds of Schuylkill County to make upon the margin of the record of said agreement or lease an entry that said agreement has been terminated and ended by order of the court.

The defendant has filed six preliminary objections to the bill pursuant to Equity Rule 48. The first objection, which we deem controlling, is "that upon the facts averred the plaintiff has a full, complete and adequate remedy at law." Assuming, without deciding, that the decree of the United States District Court, entered Jan. 5, 1926, was sufficient ground for the forfeiture of the defendant's lease, the forfeiture clause being solely for the benefit of the lessors, was enforcible only at their option, for such covenants are not self-enforcing: Craig et al. v. Cosgrove, 277 Pa. 580, 584. Moreover, the plaintiff's bill is barren of any averment that they declared the lease forfeited or took any active steps to forfeit it. The right to declare a forfeiture must be exercised promptly, else it is lost: Craig et al. v. Cosgrove, supra. The plaintiffs, therefore, upon the averments of their bill, have failed to show with the necessary clearness that they are entitled to the relief for which they pray.

There is another reason why a court of equity should not take cognizance of plaintiffs' cause of action. As a general rule, while equity will relieve against a forfeiture, it never aids in enforcing one: The Oil Creek R. R. Co. v. The Atlantic and Great Western R. R. Co., 57 Pa. 65, 72; Smith et al. v. The Peoples Natural Gas Co., 257 Pa. 396, 400, 401.

The defendant is in possession. Therefore, the plaintiffs, if entitled to a forfeiture, can enforce it at law by ejectment. A bill in equity should not be dismissed because of objections made under Equity Rule 48, unless the facts

averred in the bill show that the plaintiff cannot possibly recover: Gray v. Phila. & Reading Coal & Iron Co. et al., 286 Pa. 11, 13. We cannot say that the facts averred in the plaintiffs' bill clearly show that they cannot possibly recover. Therefore, the bill will be certified to the law side of the court, in accordance with the provisions of section 2 of the Act of June 7, 1907, P. L. 440.

And now, Oct. 11, 1926, the bill is certified to the law side of the court and plaintiffs are directed to pay the costs.

From M. M. Burke, Shenandoah, Pa.