# Smith, Appellant *v.* Philadelphia.

*Negligence—Municipalities—Defective road—Contributory negligence —Nonsuit.*

In an action against a city to recover for personal injuries, it appeared that plaintiff was driving on a wide avenue which at the time of the accident was unimproved as a city street. He was riding in a road cart at a slow trot when one wheel of the cart ran into a depression, and in turning the horse abruptly to one side the cart was upset. The depression was six or eight feet in length and about ten feet in width, with sloping sides, and had a depth of six or eight inches at its lowest point. It was near the edge of a car track which curved from a cross street on to the avenue. There were no other vehicles nor other ob-

jects on this part of the avenue to distract the plaintiff's attention or obstruct his view of the road in front of him. He testified that he could have seen the depression when twenty-five or fifty feet from it, and that he had last glanced in front of him two minutes before the accident and then was looking for a car that might come from the cross street. *Held*, that a nonsuit was properly entered on the ground of plaintiff's contributory negligence.

Argued Jan. 9, 1907. Appeal No. 212, Jan. T., 1906, by plaintiff, from order of C. P., No. 1, Phila. Co., Dec. T., 1905, No. 4442, refusing to take off nonsuit in case of Frank J. Smith v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Howard A. Davis*, with him *John T. Murphy*, for appellant.

*Harry T. Kingston*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY MR. JUSTICE FELL, February 25, 1907:

A nonsuit was entered in this case on the ground of contributory negligence. The plaintiff, in daytime, was driving on Rising Sun Lane, which is a wide avenue and at the place of the accident unimproved as a city street. He was riding in a road cart at a slow trot when one wheel of the cart ran into a depression, and in turning the horse abruptly to one side the cart was upset. The depression was six or eight feet in length and about ten feet in width, with sloping sides, and had a depth of six or eight inches at its lowest point. It was near the edge of a car track which curved from a cross street on to the lane. There were no other vehicles nor other objects on

this part of the lane to distract the plaintiff's attention or obstruct his view of the road in front of him. He testified that he could have seen the depression when twenty-five or fifty feet from it, and that he had last glanced in front of him two minutes before the accident and then was looking for a car that might come from the cross street.

It is evident from the plaintiff's testimony that he was not exercising the reasonable care that the law requires of every traveler on a public highway, to look where he is going. If he had looked in front of him, he would have seen the depression in time to avoid it. There was no excuse for not looking. In Quinlan v. Philadelphia, 205 Pa. 309, relied on by the appellant, the hole was in the asphalt surface of the street at a place where the passageway was narrowed by wagons backed against the curb in front of a market house, vehicles were passing in both directions, and the plaintiff could not see the hole because of the wagon immediately in front of her.

The judgment is affirmed.