Leister *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway companies—Obstruction of highway—Fright of horses.*

In an action against a street railway company to recover damages for personal injuries, the defendant was charged with negligence in failing to preserve a free and unobstructed passage along a highway on which were laid its tracks. The plaintiff was a young girl riding in a pony carriage at the invitation of the driver. At the point of the accident, the defendant was shifting the position of one of its tracks and one-half the road was obstructed, but the west half of the highway was untouched, leaving a space sufficient for two vehicles to pass, or drive abreast. By a coincidence a trolley car and a cart happened to be at this point at the same time, so that the space was temporarily filled. The driver of the carriage in which the plaintiff was riding permitted his horses, a team of spirited ponies, to get beyond his control, so that when he approached the point in question, he was unable to stop them; but instead of running into the car or cart, they turned aside and ran into the excavation, upsetting the carriage, and seriously injuring the plaintiff and the driver. The accident occurred in broad daylight, and the approach to the place was slightly up grade for a distance of several hundred feet. The evidence disclosed no reason for the failure of the driver to observe the condition of the highway or to control his team. He testified that his horses were not frightened, and declared that they were not running away. *Held*, that it was error to submit the case to the jury.

Argued April 3, 1907. Appeal, No. 387, Jan. T., 1906, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 284, on verdict for plaintiff in case of Edna S. Leister, by her next friend, Stewart S. Leister, v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The circumstances of the accident are narrated in the opinion of the Supreme Court.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *T. Truxton Hare*, for appellant.—The momentary presence of a car and a dump cart upon the undisturbed half of a broad road, the rest of which is under repair, is not evidence of negligence.

Nor is the momentary presence of a car and a dump cart upon a broad road, part of which has been excavated for repairs, the proximate cause of an uncontrollable team rushing into the excavation: Nichols v. Pittsfield Twp., 209 Pa. 240; Schaeffer v. Jackson Twp., 150 Pa. 145; Kieffer v. Hummelstown Borough, 151 Pa. 304.

*Edmund W. Kirby*, with him *Robert J. Bryon*, for appellees.—The case was for the jury: Nicholas v. Keeling, 21 Pa. Superior Ct. 181; Allegheny v. Zimmerman, 95 Pa. 287; Hedricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508; Russe'l v. Westmoreland County, 26 Pa. Superior Ct. 425; Hookey v. Borough of Oakdale, 5 Pa. Superior Ct. 404; Mallory v. Griffey, 85 Pa. 275; Wagner v. Railway Co., 158 Pa. 419; Boone v. East Norwegian Twp., 192 Pa. 206; Herr v. Lebanon, 149 Pa. 222; Ewing v. North Versailles Twp., 146 Pa. 309; Burrell Twp. v. Uncapher, 117 Pa. 353; Pittston Borough v. Hart, 89 Pa. 389; Closser v. Washington Twp., 11 Pa. Superior Ct. 112; Davis v. Snyder Twp., 196 Pa. 273.

OPINION BY MR. JUSTICE POTTER, April 22, 1907:

The defendant company in this case was charged with negligence in failing to preserve a free and unobstructed passage along the public highway. The plaintiff was a young girl, riding in a pony carriage, at the invitation of the driver, along the Old York Road. At the point of the accident, the defendant was shifting the position of one of its tracks and one-half the road was obstructed, but the west half of the highway was

untouched, leaving a space sufficient for two vehicles to pass, or drive abreast. By a coincidence a trolley car and a cart happened to be at this point at the same time, so that the space was temporarily filled. The driver of the carriage in which the plaintiff was riding, permitted his horses, a team of spirited ponies, to get beyond his control, so that when he approached the point in question, he was unable to stop them; but instead of running into the car or cart, they turned aside and ran into the excavation, upsetting the carriage, and seriously injuring the plaintiff and the driver. The accident occurred in broad daylight, and the approach to the place was slightly up grade for a distance of several hundred feet. The evidence discloses no reason whatever for the failure of the driver to observe the condition of the highway or to control his team. He testifies that his horses were not frightened, and declares that they were not running away. If his statement is true, his failure to stop in time to avoid the accident, is inexplicable. We can find nothing in the evidence to justify any charge of negligence against the defendant company. It had the right to shift its track, and the evidence is undisputed that while this was being done, one-half the road was left undisturbed for the use of the public. This was an ample space under all ordinary circumstances, and the fact that for the moment it happened to be occupied by a trolley car and a dump cart, is of no significance. Both the car and the cart were lawfully there at the time. Whether the car was in motion at the time does not appear; but if it had stopped, there is no suggestion that the delay was unduly prolonged. It is perfectly obvious that the driver of the carriage should have checked his team as he approached the spot, and if necessary, stopped until the car had passed, when the passageway would have been clear for him.

Instead of keeping his team well in hand, he permitted the horses to get beyond his control, and the result was that they dashed into the obstructed portion of the highway, with most serious consequences to himself and his guest. These results can only be imputed to the lack of skill or knowledge in the management of his team, upon the part of the driver. The responsibility for the accident cannot be justly or lawfully placed upon the defendant company.

If any vehicle driving ahead of this carriage had met, at the

point in question, another one coming from the opposite direction, exactly the same result would have been produced in so far as constituting an obstruction in the highway was concerned. No one can be permitted to allow any vehicle in his charge upon the public highway, whether it be carriage, motor car or trolley car, to get beyond control, or to attain excessive speed, without being held responsible for the consequences. Neither can he shift upon another the responsibility for the result of his own carelessness or bad management.

There is nothing in the evidence which justified the submission of this case to the jury. The claim of the plaintiff is unsupported in so far as it charges the defendant with negligence. The trial judge should have assumed the responsibility, by instructing the jury, as requested by counsel for the defendant in the third and fourth points for charge.

The judgment is reversed and is here entered for the defendant.