## Mastel v. Walker, Appellant.

*Negligence—Vehicles—Passenger on street car—Collision—Drivers—Proximate cause—Loss of earning power—Case for jury—Correct instructions—Court and jury.*

1. In an action to recover damages for personal injuries sustained by plaintiff in consequence of the collision of a trolley car on which plaintiff was riding and defendant's van, an instruction to the jury to the effect that if the accident was occasioned solely by the motorman's running the car into the wagon when by proper care he could have avoided so doing, there can be no recovery, and in order to find for the plaintiff the jury would have to believe that the accident was due to the negligence of the driver, is not open to the charge of inadequacy on the question of proximate cause, where it appeared that the plaintiff, an employee of a transit company, was riding on the platform of a street car; that defendant's van, driven by one of his employees approached the car on an adjacent parallel track, that the horses of the van turned diagonally across the track on which the car was running and collided with it, driving the tongue of the wagon into the car and knocking the controller box violently from its place so that it struck the plaintiff and inflicted the injuries complained of, and there was evidence that the driver was negligent in allowing the reins to lie loose on the backs of the horses and in taking them up without due care in such a way as to swing the horses precipitately in front of the approaching car.

2. Where in such case the evidence was conflicting as to whether or not a rut in the highway caused the horses to swerve, the trial judge committed no error in charging the jury that if they believed the accident due to a hole or rut in the street which the driver could not see, they might conclude that the injury to plaintiff was caused by an unavoidable accident, but as there was no evidence that the driver could not see the alleged hole and that in broad day

light, he was obliged to observe ruts in a street; and this is particularly true where the driver admitted that he saw the rut in front of him before he got into it.

3. In such case, an assignment of error complaining that the jury were permitted to allow for future losses in the absence of evidence showing permanent diminution of earning power, is without merit where the proofs showed that plaintiff was sixty-one years old at the time of the injury, that prior thereto he had been in good health and had been steadily employed for twenty-seven years; that during the last three or four years of such period, he earned $12.60 per week; that as a result, of the accident, his health was bad; that he had difficulty in standing upright or in walking any considerable distance; that he had been unable to work or earn any wages whatever; that his legs would never be straight; and where the opinion of medical experts was that the "prognosis is not very encouraging" and that it was impossible,to say what strength he would develop later on; and the trial judge made no error in allowing the jury to find for plaintiff whatever he was "liable to lose" in the way of future earnings.

*Practice, C. P.—Charge to jury—Exceptions—General exceptions—Assignments of error.*

4. While a litigant is entitled as a matter of right to except generally to a charge and under such an exception he may assign all actual errors of law or any material matter so inadequately presented as to be calculated to mislead the jury and may assign the whole charge as inadequate if it fails to present the real questions in the case or if its general effect is to mislead the jurors concerning the material issues involved or their duties in connection therewith, it is still the general rule that error can not be assigned of what was not said by the trial judge without a request so to charge; a litigant may not sit silent and take his chances on a verdict and if it is adverse complain of a matter which if error would have been immediately rectified, if the attention of the trial judge had been called to it.

Argued March 30, 1914. Appeal, No. 82, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1912, No. 2293, on verdict for plaintiff in case of John Mastel v. Jacob H. Walker. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

*Errors assigned* were various assignments referred to in the opinion of the Supreme Court.

*W. W. Smithers,* for appellant.—The charge was erroneous, misleading and inadequate and constituted reversible error: Swartz v. Moore, 5 S. & R. 257; Bisbing v. Bank, 93 Pa. 79; Hayes v. R. R., 195 Pa. 184, 187; Pierson v. Duncan, 162 Pa. 187; Renn v. Tallman, 25 Pa. Superior Ct. 503; R. R. Co. v. Tighe, 46 Pa. 316; Strader v. Monroe Co., 202 Pa. 626; Quinlan v. Philadelphia, 205 Pa. 309; Curry v. Erie, 209 Pa. 283.   It was error to permit recovery for future losses in the absence of evidence showing permanent diminution of plaintiff's earning power: Haines v. Stouffer, 10 Pa. 363; Jones v. Wood, 16 Pa. 25; Brooks v. R. R., 2 Pa. Superior Ct. 581, 585; McHugh v. Schlosser, 159 Pa. 480; Wallace v. R. R., 195 Pa. 127; McKenna v. Gas Co., 198 Pa. 31; Ott v. Philadelphia, 235 Pa. 354.   The defendant was entitled to binding instructions, there being no evidence of the negligence of the driver: Railway Co. v. Kellogg, 94 U. S. 469; Howard Express Co. v. Wile, 46 Pa. 201, 206; First Nat. Bank of Easton v. Wirebach, 106 Pa. 37; Lonzer v. R. R., 196 Pa. 610, 613. Accident was inevitable: Schaeffer v. Township, 150 Pa. 145; McCauley v. Logan, 152 Pa. 202; Knoll v. Light, 76 Pa. 268; Trout v. Elec. Co., 236 Pa. 506; Wall v. Lit, 195 Pa. 375; Martin v. Niles Co., 214 Pa. 616; Hoag v. R. R., 85 Pa. 293; Followed in Township of West Mahanoy v. Watson, 112 Pa. 574; McGrew v. Stone, 53 Pa. 436; Behling v. Pipe Lines, 160 Pa. 359; Bunting v. Hogsett, 139 Pa. 363; Douglass v. R. R., 209 Pa. 128; Trout v. Elec. Co., 236 Pa. 506.

*William A. Gray,* for appellee.—Error can not be assigned to what was not said by the trial judge without a request so to charge: Mitchell v. Jodon, 22 Pa. Superior Ct. 304; Coyne v. Lack. County, 53 Pa. Superior Ct. 603; Murtland v. English, 214 Pa. 325; Newingham v. Blair Co., 232 Pa. 511; Merritt v. Poli, 236 Pa. 170; Com. v. Razmus, 210 Pa. 609; Reznor Mfg. Co. v. B. & L. E. R. R. Co., 233 Pa. 369.

There was evidence tending to show that plaintiff was permanently injured and that his earning capacity was diminished.

The case was for the jury: Smith v. Philadelphia, 217 Pa. 118.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1914:

On May 4, 1912, the plaintiff, a switch-cleaner in the service of the Philadelphia Rapid Transit Co., was riding upon one of its cars; he stood just inside the front door, so that he might observe and report defects in the track. Two vans belonging to the defendant, and driven by his employees, were coming toward the car on an adjacent parallel track. The first van passed without difficulty, but the horses of the second one turned diagonally across the track on which the car was slowly approaching, and collided with it, driving the tongue of the wagon through the sheet-iron dash-board, and knocking the controller box from its place with such force that it struck and severely injured the plaintiff. The jury rendered a verdict in his favor, upon which judgment was entered; the defendant has appealed.

The first assignment complains that the charge was "lacking in proper and necessary instructions as to the proximate cause of the injury suffered by the plaintiff and the responsibility of the defendant therefor." We feel that this criticism is not sound. While the trial judge did not use the phrase "proximate cause," yet, he distinctly told the jury that if the accident was caused solely by the motorman's running the car into the wagon,

when by proper care, he could have avoided so doing, there could be no recovery against the defendant. He also instructed plainly that in order to find for the plaintiff the jury would have to believe that the accident was due to the negligence of the driver in permitting his lines to lie loose upon the backs of the horses and then taking them up without due care, in such a way as to swing the horses precipitately in front of the approaching car. There was positive evidence to the effect that, "The reins of the horses were down on the horses' backs," that, "no driver had hold of them......no man had hold of the reins," and further, that, "as soon as the driver picked his lines up the one horse came right over against the car." If this was believed, as the verdict shows it was, the evidence would justify a finding that the careless driving of the defendant's employee was the proximate cause of the accident; and the issue involving the testimony in question was fairly submitted to the jury.

The next two specifications of error contain excerpts from the charge in which the trial judge stated that the "driver of a wagon is obliged to see ruts in broad day light." The defendant contended that the accident was caused by a wheel of his wagon dropping into a rut in the street, and the instructions complained of were given in dealing with this phase of the case. According to the evidence presented by the plaintiff, the alleged defect in the highway did not cause the accident; but, under the defendant's version, it might have done so. The judge told the jury that if they believed the accident was due to a hole, or rut, in the street, which the driver could not see, they might conclude the injury to the plaintiff was caused by "an accident that was unavoidable." But, he also truly said, there was no evidence that the driver could not see the alleged hole, adding that, in broad day light, one is obliged to observe ruts in a street. It is not necessary to discuss this assignment at length, for the testimony shows the driver admitted that he actually saw the rut "in front" of him before he "got to it"; and

under such circumstances, our decision in Smith v. City, 217 Pa. 118, justified the instruction complained of in these assignments.

Under the fourth and fifth assignments, to quote from the paper book of the appellant, "the complaint is that the jury were instructed to allow for future losses in the absence of evidence showing permanent diminution of earning power." The proofs show that the plaintiff was sixty-one years old at the time of his injury; that prior to the accident he had enjoyed good health and worked regularly for twenty-seven years as an employee of the Philadelphia Rapid Transit Co., earning at least $12.60 a week for the last three or four years of that period; that he was a married man, and lived at home with his wife and three daughters, the youngest of whom was 19 years of age; that as a result of the accident his health was bad, and he had great difficulty in standing upright or in walking any considerable distance; that for this reason he had not been able to work, or to earn any wages whatever; that "his legs will never be straight, because they are broken and curved and already healed, and they will never be any straighter than they are now"; that the "prognosis is not very encouraging," and in the opinion of medical experts it was impossible to say "what strength he will develop later on." When the testimony is taken as a whole, it forms a sufficient basis for the instructions given by the trial judge to the effect that the plaintiff was entitled to recover whatever he was "liable to lose" in the way of future earnings.

The last three assignments of error complain of the refusal to charge the defendant's points. Since appellant's paper-book contains no argument in support of these particular specifications, we assume that they are not pressed. The points were properly declined, however, for the first two asked instructions on contributory negligence, whereas, there was absolutely no evidence to bring that issue into the case or to justify a finding that the plaintiff was to any degree guilty in that re-

spect; the other requested binding instructions, which could not have been properly given under the circumstances at bar.

While the instructions on the measure of damages were somewhat scant, and the adequacy of the charge may be justly criticized in that and, possibly, in other respects, yet, it contains no positive misstatements of law, or anything tantamount thereto. At the trial, the appellant made no specific objection to any particular part of the charge; moreover, he neither complained of its inadequacy, nor submitted any requests for instructions on the proximate cause of the accident, or upon the measure of damages or the evidence relating thereto. In Fortney v. Breon, 245 Pa. 47, we recently said, "Under such circumstances, the rule is that if an instruction is clearly erroneous on the question of damages, it is ground for reversal, no matter whether specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will, as a rule, be deemed a waiver of any objection that might otherwise be made, especially where it is obvious that no harm was done by the matter complained of (Burns v. Penna. R. R. Co., 239 Pa. 207); and this rule applies in the present instance." A litigant is entitled as a matter of right to except generally to a charge (Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169), and under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved or their duties in connection therewith. But, it is still the general rule that, "error cannot be assigned of what was not said by the trial judge, without a request so to charge" (Merritt v. Poli, 236 Pa. 170, 174); and that one "may not sit

silent and take his chances on a verdict, then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless" (Rezner Mfg. Co. v. B. & L. E. R. R., 233 Pa. 369, 372). Upon subjects concerning which no particular requests are made, a court is only responsible for the probable "general effect" of the charge "on the minds of the jury," to be judged by its "salient points" and "the thoughts that permeate it through and through"; as to such matters, "counsel may still have the benefit of errors of commission, but they should not complain of omissions" (Reeves v. D., L. & W. Rd. Co., 30 Pa. 454, 460; Lehigh Valley Railroad Co. v. Brandtmier, 113 Pa. 610, 619; Person and Riegel Co. v. Lipps, 219 Pa. 99, 112; Pierson v. Duncan, 162 Pa. 187, 193). After a careful review of the whole record, we are convinced that no substantial error was committed in the trial or in the manner in which the present case was submitted to the jury.

The several assignments are overruled and the judgment is affirmed.