# Dodson *v.* Wilkes-Barre Railway Company, Appellant.

*Negligence—Street railways—Excavation in street—Automobile—Contributory negligence—Case for jury.*

In an action against a street railway company to recover damages for injuries to an automobile which fell into an excavation made by the defendant between the rails of its track, the question of the automobile driver's contributory negligence is for the jury, if it appears that the accident happened at a point in a street very close to where a double track railroad crossed the defendant's single track; that the driver passed this point in the morning when he noticed some men engaged in digging along the rails of the defendant and on the roadbed of the

railroad; that on returning in the afternoon he saw no men working, nor any pile of dirt or any warning of any kind of the excavation between the rails; that at the time of the accident a number of pedestrians were approaching from cross-streets, and that in looking out for such persons and for the trains on the railroad, and other objects, he did not see the excavation and drove into it.

Argued March 3, 1914. Appeal, No. 27, March T., 1914, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1910, No. 626, on verdict for plaintiff in case of Boyd Dodson v. Wilkes-Barre Railway Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before GARMAN, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $148.72. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Paul Bedford,* with him *Frank A. McGuigan* and *John T. Lenahan,* for appellant.—Plaintiff was guilty of contributory negligence: Smith v. Jackson Twp., 20 Pa. Superior Ct. 337; Smith v. Philadelphia, 217 Pa. 118; Leister v. Rapid Transit Co., 217 Pa. 652.

*T. F. McLaughlin,* with him *Charles Kuschke,* for appellee.—A driver who is unable to give undivided attention to the roadbed . . . . cannot be held to have seen, or to have been reckless in not seeing, defects in a roadbed that would have been obvious to a pedestrian: McClay v. Philadelphia, 224 Pa. 174; Graham v. Philadelphia, 19 Pa. Superior Ct. 292.

OPINION BY HEAD, J., July 15, 1914:

The single assignment of error complains of the action

of the learned trial judge in submitting to the jury for its determination the question whether or not the plaintiff had been guilty of contributory negligence. There is no criticism as to the manner in which the question was submitted. The defendant rested its case on the proposition that the learned judge should have declared, as matter of law, the plaintiff could not recover because he had contributed, by his own negligence, to the injury of which he complained.

The plaintiff, a physician residing in the city of Wilkes-Barre, was accustomed to drive his own automobile. No question is raised as to his competency in this respect. In going from his residence to the business section of the city his route would be along Hazle street on which he lived. On this street the defendant company operated with a single track. This track crossed at grade two tracks of the Central Railroad of New Jersey. On the side of the railroad next the heart of the city two streets open into Hazle street, to wit, High street on the one side, Harrison street on the other. On the morning of the accident the plaintiff drove his car down Hazle street into the city. While crossing the railroad tracks he noticed some men engaged in repair work apparently digging along the rails of the defendant company and on the roadbed of the railroad company referred to. He did not return until several hours later at about noon. There is testimony to show that at the point where the two streets named entered Hazle street there is usually considerable traffic and that many foot passengers, factory operatives, etc., are likely at the noon hour to be crossing it. The testimony further tends to show that as the plaintiff, driving his car at moderate speed, approached the point named, his attention was directed to the various subjects which naturally required it under the circumstances stated. Although the railroad gates were up, he was nevertheless, as he testifies, on watch for the approach of a train from either direction. He was on the look-

out ˙ for vehicles or pedestrians that might suddenly emerge from the side streets into Hazle street just at the railroad crossing, and he was mindful that people on either sidewalk might at any moment move into the street to cross it ahead of him. He declares there were then no men doing anything at the point where he had seen them in the morning. There was no pile of dirt or other debris to indicate the repair job was yet unfinished. There was no warning of any kind that an open ditch alongside of each rail of the defendant's track extended across the right of way. The plaintiff testifies that because of the various considerations just referred to he thought it prudent to take the crossing in about the middle of Hazle street, and in doing so his car went into the ditch and was somewhat broken and damaged.

Notwithstanding the forceful argument of the learned counsel for the appellant, we are all convinced the learned trial judge was guilty of no error in submitting to the jury the measure of the plaintiff's diligence under the unusual circumstances that confronted him. Certainly there is no warrant in the testimony for a declaration by the trial judge that he was driving at a negligent rate of speed. It is equally clear to us the mere fact the plaintiff had seen men digging at that spot a few hours before would not justify a conclusion by the trial judge that a reasonable man would assume there still remained a dangerous and unguarded pitfall in the public street. There is actual testimony that the ditch, located as it was and more or less obscured by the rails of the two tracks, was not easily visible from any distance that would have enabled the plaintiff to avoid it. As stated, there were at that point a number of different matters which properly invited his attention, and therefore it was the function of a jury to determine whether or not the accident to his car was the result of any failure on his part to act with reasonable caution under all of the circumstances.

Under the state of facts which the jury might have found from the testimony, the case at bar is readily distinguishable from Smith v. Jackson Twp., 20 Pa. Super. Ct. 337; Smith v. Phila., 217 Pa. 118, and Leister v. Rapid Transit Co., 217 Pa. 652, cited and relied on by the appellant.   The true line of the distinction is well stated in the following excerpt from the opinion of President Judge Rice, in Graham v. Phila., 19 Pa. Super. Ct. 292: "The driver had but just crossed the railroad tracks, which necessarily required his attention.   The opening of the hole in the street surface was small; at the most not more than a foot in diameter. . . .   It was surrounded, if not partially covered by cinders.   No work was being done on the street, and no barrier or danger signal was in place.   In short, if the witnesses are to be believed, there was nothing to induce extraordinary vigilance, or to call a driver's attention to the fact that there was a hole there.   That a pedestrian might, and, perhaps, ought to have seen it before stepping into it is not the conclusive test in this case.   Nor is the fact that one knowing of the existence of the hole could see it from the opposite side of the street, decisive of the question of the driver's negligence.   That a driver of ordinary prudence, using due care necessarily would have seen that there was a dangerous hole at that point is not the necessary and unavoidable inference to be drawn from the facts, in the face of his positive testimony that he did not see it." So here the present plaintiff was driving an automobile. There was much at the point of the accident to require his attention.   While the ditch into which his car dropped was not small, it was, as we have seen, by reason of its location and surroundings, not as readily visible as if out in the open highway away from the railroad tracks.   The plaintiff declares he did not see it until his car was in it, and we do not think it was a necessary inference from his testimony that he could or should have seen it in time to avoid it.   It is true, the

plaintiff says on cross-examination that he did not look for an excavation at that point, but this statement, in the light of the whole of his testimony, is not in our judgment sufficient to convict him of contributory negligence.

After a careful review of the whole of the testimony, we are all of the opinion there was a question of fact for determination by the jury, and the learned trial judge could not have properly done otherwise than submit it under correct instructions. This he did. The assignment of error must therefore be overruled.

Judgment affirmed.