# Draude and Donnelly, Inc. v. Alfred Wolstenholme & Son, Inc., Appellant.

*Negligence—Automobiles—Collision—Case for jury.*

In an action of trespass to recover damages to an automobile truck, the defendant requested binding instructions in its favor for the reason that there was no evidence that the truck which was damaged was the property of the plaintiff. The driver of the truck which was damaged testified that he was employed by the plaintiff, and that in the course of his employment he was driving the truck at the time of the collision. The evidence offered by the plaintiff also disclosed that the plaintiff paid for the repairs of the truck in question and that two witnesses, who testified on behalf of the defendant, referred to the truck which was damaged as the property of the plaintiff.

Under such circumstances there was sufficient evidence to warrant the jury in finding that the truck belonged to the plaintiff.

*Trials—C. P.—Charge of court—General exceptions.*

A litigant is entitled as a matter of right to except generally to a charge, and under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury. He may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved or their duties in connection therewith. But, it is still the general rule that, error cannot be assigned of what was not said by a trial judge, without a request as to charge. If counsel representing the defendant desire further instructions to the jury, it is his duty to make his request before the jury retires. Having taken his chances on a verdict, he cannot afterwards complain of mere omissions.

Argued October 14, 1926. Appeal No. 172, October T., 1926, by defendant, from judgment of C. P. No. 3, Philadelphia County, September T., 1924, No. 10,310, in the case of Draude and Donnelly, Inc., v. Alfred Wolstenholme & Son, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for damages to motor truck. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $327.19, and judgment thereon. Defendant appealed.

*Errors assigned*, among others, were the charge of the Court and refusal of defendant's motion for judgment non obstante veredicto.

*Nochem S. Winnet*, and with him *John J. McDevitt, Jr.*, for appellant.

*Samuel J. Gottesfeld*, and with him *Joseph J. Fischer*, for appellee.

OPINION BY PORTER, P. J., December 15, 1926:

This is an action of trespass to recover for damages to the truck of plaintiff, resulting from a collision with a truck of the defendant, alleged to have been caused by the negligence of the driver of the latter truck. The trial resulted in a verdict and judgment for the plaintiff and the defendant appeals.

The first assignment of error is to the refusal of the court to give binding instructions in favor of the defendant and the second alleges that the court erred in overruling defendant's motion for judgment in its favor non obstante veredicto. It is the contention of the defendant that these assignments of error should be sustained for the alleged reason that there was no evidence that the truck which was damaged was the property of the plaintiff. This contention is without merit. The driver of the truck which was damaged testified that he was employed by the plaintiff and in the course of his employment he was driving the truck which was damaged by the collision; his possession of the truck was the possession of the plaintiff and his entire testimony was such as to warrant the inference

that the truck was the property of the plaintiff. The evidence offered by the plaintiff also disclosed that the plaintiff paid for the repairs of the truck in question, but further than this, two witnesses who testified on behalf of the defendant, referred to the truck which was damaged as "the truck of the plaintiff," and one of them said, referring to the truck: "I saw this Draude and Donnelly truck, he was coming down very rapid." There was certainly sufficient evidence to warrant the jury in finding that the truck was the property of the plaintiff and the first and second assignments of error are overruled.

The defendant took a general exception to the charge, making no specific objection to any particular part of it, at the trial or at the argument of this appeal. The third assignment of error complains that the charge was inadequate. While the general charge may be justly subject to the criticism that it was somewhat scant and did not contain all that might very properly have been said to the jury, yet it contains no positive misstatements of law, or anything tantamount thereto. "A litigant is entitled as a matter of right to except generally to a charge, and under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved or their duties in connection therewith. But, it is still the general rule that, 'error cannot be assigned of what was not said by a trial judge, without a request so to charge' ": Mastel v. Walker, 246 Pa. 71; Snyder v. Reading Co., 284 Pa. 59. In the present case, the court, upon the conclusion of the charge said: "I will be glad to give any other

instructions counsel desire.'' Counsel for the defendant thereupon requested the court to charge the jury that they should consider the testimony of a certain witness on behalf of the defendant, which the court had not referred to in the charge. The court complied with this request by reading to the jury the testimony of that witness. The court then said ''Is there anything else'' and counsel for the defendant made no request for further instructions and simply asked for a general exception to the charge. If the learned counsel representing the defendant desired further instructions to the jury then was the time to make his request; having taken his chances on a verdict, he should not now complain of mere omissions: Mastel v. Walker, supra. All the assignments of error are overruled.

The judgment is affirmed.