## Penrose et al. *v.* Coal Co. et al., Aplnts.

*Mines and mining—Coal mining lease—Exploration—Forfeiture—Waiver by one tenant in common—No knowledge by others —Indulgence—Laches—Ejectment—Evidence—Option to buy.*

1. Where, in mining, a lease of coal for twenty years gives the lessee two years in which to explore and prove the property, and provides for forfeiture for failure to explore for a period of three months or more, and the lessee fails to make any adequate exploration and never pays the royalties provided by the lease, the lessors may, sixteen years after the date of the lease, declare a forfeiture thereof, and recover the land by ejectment. A declaration of forfeiture given four years before the ejectment is sufficient.

2. In such case so long as the lease remained in force and the lessee failed to perform his contract, the cause of forfeiture continued, and the lessors had the option of declaring it void.

3. Mere indulgence, without more, will not constitute a waiver of a forfeiture of a mining lease.

4. One of several lessors in a mining lease cannot waive a provision of forfeiture in the lease, where his action is unknown to the other lessors.

5. Where a lease gives the lessees an option to purchase, evidence that after the lease was declared forfeited, one of the lessors had agreed, without the knowledge of the others, that the option might be exercised, is irrelevant.

*Evidence—Letter—Exclusion—Reading letter—Harmless error.*

6. Where a letter has been excluded at the instance of plaintiff in a suit, the exclusion, even if erroneous, does defendant no harm of which he can complain, if his counsel afterwards reads to the jury the whole of the letter.

*Appeals—Charge of court—Trial—Excerpts—Exceptions, general and special.*

7. Excerpts from charge of court will not be considered on appeal where no special exceptions were taken to them, and the charge as a whole contained no such errors of law as could be sustained under the general exception taken.

Argued April 13, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 107, Jan. T., 1927, by defendants, from judgment of C. P. Carbon Co., Jan. T., 1926, No. 17, on verdict for plaintiffs, in case of John B. Penrose et al. v. Penn Forest Coal Company and Penrose Mining Co. Affirmed.

Ejectment for land in Banks Township.   Before BAR-BER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs.   Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Daniel W. Sitler,* for appellants.—What is a reasonable time in which to comply, where the facts are undisputed, is for the court; otherwise, or where the court is in doubt, the question is for the jury: Riddle Co. v. Taubel, 277 Pa. 95, 98.

The party entitled to enforce a forfeiture of this kind must exercise his right promptly, and the result must not be unconscionable: Moyers v. Tiley, 32 Pa. 267; Thompson v. Christie, 138 Pa. 230; Vito v. Birkel, 209 Pa. 206.

The right to forfeit must be distinctly reserved: Smith v. Gas Co., 257 Pa. 396, 401; Thompson v. Christie, 138 Pa. 230, 248.

*J. C. Loose,* with him *A. S. Loose,* for appellees.—The cause of forfeiture continued until declaration of breach by appellees: Davis v. Moss, 38 Pa. 346; Munroe v. Armstrong, 96 Pa. 307; Brown v. Vandergrift, 80 Pa. 142; Plummer v. Coal & Iron Co., 160 Pa. 483; Chauvenet v. Person, 217 Pa. 464.

Excerpts from the charge alleged as error will not be considered on appeal, where it appears that, when taken with the context, they were free from error: Weiss v. London G. & A. Co., 285 Pa. 251, 255; Sautter v. Rowland, 285 Pa. 212.

Where a party fails to ask for more ample instructions, when he has an opportunity to do so, he cannot, on appeal, complain that such instructions were not given, if no substantial error appears in the charge as delivered: Silver v. Hause, 285 Pa. 166, 167; Com. v. Meleskie, 278 Pa. 383; Harkin v. Transit Co., 278 Pa. 24; Garver v. Lightner, 275 Pa. 401.

Even though there had been no option, the delivery of the deed in escrow and its subsequent destruction, after notice of forfeiture, would not affect the forfeiture.

OPINION BY MR. JUSTICE WALLING, May 9, 1927:

On December 1, 1906, John B. Penrose and other owners, as tenants in common, of a six-hundred acre tract of land in Carbon and Luzerne Counties, made and delivered a coal mining lease thereof to Henry D. Stimson for the term of twenty years, reserving a royalty of twenty-five cents a ton on all coal mined and sold therefrom. The lease contains, inter alia, a provision as follows: "And it is further agreed by the parties of the first part that the party of the second part shall have two years in which to explore, determine and fully prove the property, and that he shall commence operations on or before the first day of May, 1907, and continue steady without interruptions whatever, excepting the conditions of the weather or other unforeseen circumstances. Any failure to prosecute the work in exploring for a period of three months or more shall be considered a forfeiture of this lease." In 1907, Stimson assigned the lease to the Penn Forest Coal Company, the legal title being later vested in the Penrose Mining Company. In February, 1922, the lessors, by notice duly served, declared a forfeiture of the lease for failure to prove the

property as required therein, and in November, 1925, brought this suit in ejectment to regain possession of the property. The case came to trial on issue joined, and, from judgment entered on a verdict for plaintiffs, defendants have appealed.

The merits of the case are with the plaintiffs, and, despite the zeal and industry of appellants' counsel, bringing to our attention twenty-seven alleged trial errors, we find no substantial reason for a reversal. During the first two years under the lease (1907-1909) the only work done by appellants was a slight enlargement of an existing shaft; and the only work done during the next five years (1909-1914) was the further sinking of the shaft and thereby the discovery of a three-foot vein of mineable, merchantable coal; while practically the only accomplishment of the succeeding three years (1914-1917) was the drilling of two holes on another part of the tract, by which a like vein of coal was discovered, whether the same vein or not is uncertain. Nothing has been done since and, under the evidence, the jury were constrained to find that defendants had failed "to explore, determine and fully prove the property" as required by the lease, although many years, instead of two, had elapsed. The sole object plaintiffs had in making the demise was to ascertain if their property contained coal in paying quantities and, if so, that they might receive royalties from the mining thereof; that is why the time for exploration was limited to two years; yet during the entire twenty years they received not a cent of royalty. In fact, defendants never marketed any coal except one wagonload; but they did pay the taxes on the property for some fifteen years, beginning in 1909; this the lease provided they should do when coal was found in paying quantities. True, defendants expended substantial sums, for machinery, fixtures, tools, and labor, but were apparently never financially able to win success. While there was no express covenant as to diligently mining the coal, yet one was implied by the na-

ture of the demise. See Aye v. Phila. Co., 193 Pa. 451; Koch's and Balliet's App., 93 Pa. 434; Arnold v. Cramer, 41 Pa. Superior Ct. 8. The cause of forfeiture here complained of, however, was the failure to explore and prove the property; which cause, while complete at the end of two years, did not stop there. "So long as the lease remained in force and the lessee failed to prosecute the mining operations, the cause of forfeiture continued and the lessors had the option of declaring it void": Chauvenet v. Person, 217 Pa. 464, 474. Here, as the cause of forfeiture continued, the landlord, prima facie, might take advantage of it at any time. See Taylor's Landlord and Tenant, section 500. Mere indulgence, without more, will not constitute a waiver of the forfeiture of a mining lease: Island Coal Co. v. Combs, 152 Ind. 379, 53 N. E. 452. A forfeiture will be enforced where necessary to do justice, especially where it protects the lessor from the laches of the lessee (Munroe v. Armstrong et al., 96 Pa. 307; Brown v. Vandergrift, 80 Pa. 142) and if under the circumstances in the instant case notice of an intent to insist upon the forfeiture was necessary, that given nearly four years before starting this suit, was ample. Had the lessees proved the property after the expiration of the two years and before a forfeiture was declared, a different question would be presented, but they never did.

Undoubtedly a forfeiture may be waived; but in the instant case only one of the numerous lessors had knowledge of the work done by the lessees, or of the condition of the premises, or did or said aught that would justify the finding of a waiver, and the others were not bound by his acts. A tenant in common, unless authorized, of which there was here no proof, can speak only for himself: Pier v. Duff, 63 Pa. 59; Grant v. Levan, 4 Pa. 393; Dietrich v. Dietrich, 4 Watts 167. Had Penrose been the sole plaintiff it might perhaps have been found that he had waived the right to forfeit the lease, but the effect

of the finding of the jury, to whom the question was submitted, was adverse to the contention of a waiver.

The lease provided that in the event of the lessor's offering the property for sale, the lessee should have the option of purchasing. In 1923, John B. Penrose, one of the plaintiffs, gave the appellants an option on the property and later all of the lessors executed a deed of the property to a trustee for defendants, but as the latter were unable to pay the consideration, the sale was never consummated. Appellants called Penrose for cross-examination and asked him if he was authorized by the other lessors to give the option. The exclusion of this question forms the basis of the sixteenth assignment of error. The option and Penrose's authority to give it related to matters occurring after the forfeiture was declared, and to a separate provision of the lease (see Pettit v. Tourison, 283 Pa. 529; Signor v. Keystone C. A. A. S. R., 277 Pa. 504), and was not important to the questions at issue. Again, in answer to further questions Penrose said the other parties knew nothing about the option until after it was given. The deed, never delivered because of defendants' default, was not material on the questions here at issue.

In 1911 Penrose wrote a letter to H. U. Kistner, of Reading, stating, inter alia, that the appellants had complied with all the requirements of the lease. The former being a party to this suit the statements in the letter may have been competent as against him although written to a third party, but, immediately after such exclusion, defendants' counsel in a question to Penrose recited the entire contents of the letter, which the witness admitted writing. Hence, the jury had the full benefit thereof and its exclusion, if error, was harmless. In no event could it have operated to the prejudice of the other plaintiffs.

The complaint as to certain excerpts from the charge is without merit. The charge was free from prejudicial error and the parties, although given an opportu-

nity, asked for nothing further. It certainly contained no such errors of law or entire inadequacy as could be sustained under a general exception, and no other was taken. See Harkin v. Toy & Phila. Rapid Transit Co., 278 Pa. 24; Com. v. Meleskie, 278 Pa. 383; Mastel v. Walker, 246 Pa. 65; Draude & Donnelly, Inc., v. Wolstenholme & Son, Inc., 89 Pa. Superior Ct. 428. The refusal of a new trial was a proper exercise of the lower court's discretion.

The judgment is affirmed.