## Keiter v. Miller, Appellant.

Argued November 21, 1933. 

 Before KELLER,
CUNNINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*John L. DuBois,* for appellant.

*Isaac J. Vanartsdalen,* and with him *Edward G. Biester,* for appellee.

OPINION BY KELLER, J., February 1, 1934:

This was an action (brought into the lower court by appeal from a justice of the peace) by plaintiff against defendant to recover for the board, lodging and care of the latter's ten year old son. The contract relied on by the plaintiff was made between his wife and the defendant, the latter agreeing to pay $5 a week. The defendant's contention was that Mrs. Keiter had offered to take the boy and care for him in return for his companionship.

Two of the rulings of the court below require a reversal of the judgment.

(1) It was error to permit the plaintiff to cross-examine the defendant at length as to whether he had not had similar disputes and presented the same de-

fense respecting his other children who, since the death of his wife, were being cared for by strangers. The truth or falsity of his version of the arrangement with Mrs. Keiter could not be established or disproved by evidence of his contracts or alleged contracts with other people in other places relative to his other children. Evidence of collateral matters, which do not afford any reasonable presumption or inference as to the principal fact or matter in dispute is not relevant to the issue and is excluded. "It is an established rule, applicable alike to civil and criminal inquiries, that the commission of the act charged cannot be proved by showing a like act to have been committed by the same person. The rule is thus stated in Stephen's Digest of the Law of Evidence, Article 10: 'The fact which rendered the existence or nonexistence of any fact in issue probable by reason of its general resemblance thereto, and not by reason of its being connected therewith, is deemed not to be relevant to such fact' ...... 'That a doing of one act is in itself no evidence that the same or a like act was again done by the same person' has been so often judicially repeated that it is commonplace": Veit v. Class & Nachod Brewing Co., 216 Pa. 29, 34, 64 A. 871. See also 1 Greenleaf on Evidence, sec. 52; Jones on Evidence, sec. 140; Johnson County Savings Bank v. Koch, 38 Pa. Superior Ct. 553, 561; Baker v. Irish, 172 Pa. 528, 532, 33 A. 558. The cases excepted from this rule apply generally to those in which the *knowledge or intent* of the party was a *material fact to be proved,* and on which the evidence, apparently collateral, had a direct bearing: 1 Greenleaf on Evidence, sec. 53; Stephen's Digest of the Law of Evidence, Art. 11; such was not the case here. The plaintiff could not rebut the defendant's testimony by attempting to prove that he had presented the same defense to claims for the board and lodging of his other children, any

more than a merchant suing on a claim for goods sold and delivered could rebut the defense of a buyer, who testified that he had paid in full, by attempting to prove that the defendant had made the same defense against other merchants. "The question may be put thus: Does the fact of a person having once or many times in his life done a particular act in a particular way make it more probable that he has done the same thing in the same way upon another and different occasion? To admit such speculative evidence would, I think, be fraught with great danger; ...... If such evidence were held admissible it would be difficult to say that the defendant might not, in any case where the question was whether or not there had been a sale of goods on credit, call witnesses to prove that the plaintiff had dealt with other persons upon a certain credit; or in an action for an assault, that the plaintiff might not give evidence of former assaults committed by the defendant upon other persons, or upon other persons of a particular class, for the purpose of showing that he was a quarrelsome individual and therefore that it was highly probable that the particular charge of assault was well-founded. The extent to which this sort of thing might be carried is inconceivable." WILLES, J., in Hollingham v. Head, 4 C. B. N. S. 391, 93 E. C. L. 388. All of the cases cited by appellee and relied on by the court below are easily distinguishable from this one. It is not necessary to discuss them in detail.

Nor was the error cured by the fact that the defendant denied having had any such dispute relative to his other children and that his denials were not attempted to be rebutted by the plaintiff. The harm was done by the questions, which should not have been permitted in the first instance. The general control of cross-examination by the trial judge, referred to in Maloy v. Rosenbaum Co., 260 Pa. 466, 103 A. 882, does not

justify examination on wholly irrelevant matters, which are inherently prejudicial to the party examined.

(2) It was competent for the defendant to prove by the witness Sherman that Mrs. Keiter had told him that she was keeping the child for company and without pay, even though she had not been asked, when she was on the witness stand, whether she had so told him. She was the party who made the alleged contract in suit, (Cronkrite v. Trexler, 187 Pa. 100, 41 A. 22), not a mere witness called to substantiate it, and the matter was not something collateral, but went to the heart of the dispute. Mrs. Keiter could, in rebuttal, have denied that the conversation took place, if it had not occurred—which she could not have done if she had been questioned about it during the plaintiff's case.

We find no merit in the other questions raised by the appellant.

The first, second and third assignments of error are sustained. The judgment is reversed and a new trial awarded.