## Miskovich et ux. *v.* Firemen's Insurance Company of Newark, Appellant.

340

Argued March 8, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*H. C. McGrath,* of *Welles, Mumford & McGrath,* for appellant.

*John W. Bour,* with him *Harold Weisberger,* for appellees.

OPINION BY KELLER, P. J., April 21, 1939:

Action of assumpsit on a policy insuring plaintiff's household goods against loss or damage by fire, not exceeding $2500.

Plaintiffs averred that a fire occurred on September 15, 1937, while the policy was in effect, which caused loss or damage of $1358.38 to the insured property. They produced testimony on the trial in substantial support of their claim.

The defendant's evidence went no further than to dispute the amount of plaintiffs' damage. Its witnesses estimated the damage,—excluding a player piano, valued at $350 but not covered by their appraisement—at $495. The jury returned a verdict for the plaintiffs of $1055.38. Defendant appealed.

The assignments of error present two grounds for appeal, either of which if sustained would require a new

trial: (1) Error in limiting defendant's cross-examination of the plaintiff, Anthony Miskovich; (2) error in the charge of the court on the measure of plaintiffs' recovery. In our opinion neither requires the granting of a new trial.

(1) We realize that, especially since the enlightening opinions of Chief Justice KEPHART in *Conley v. Mervis,* 324 Pa. 577, 188 A. 350, and Mr. Justice SCHAFFER in *Greenfield v. Phila.,* 282 Pa. 344, 127 A. 768, the cross-examination of a plaintiff by his opponent should not be unduly restricted, but it is still the general rule that cross-examination should be confined to matters testified to in chief, and should not be used to present matters of affirmative defense, nor be of such a nature that it would likely confuse the jury, by introducing such matters then instead of as a part of the defendant's case. See *Greenfield v. Phila.,* supra, pp. 348-349; *Conley v. Mervis,* supra, pp. 580, 581, 582, 583.

Defendant was permitted to cross-examine the husband plaintiff fully as to the property which was insured under the policy, the length of time the plaintiffs had owned it, where they had gotten it, its cost, and its value at the time of the fire. He testified that none of the insured property had been acquired prior to 1928. Defendant's counsel attempted to cross-examine the witness as to property which he and his wife had owned in 1923,—fourteen years before the fire—and what had become of it. While the ostensible purpose of the examination was to throw light on the value of the plaintiffs' goods at the time of the fire, the real object was to secure from the witness an admission that the plaintiffs had suffered a fire loss in 1923, which might prejudice the jury against them. In its affidavit of defense defendant had averred, upon information and belief, that the fire was an incendiary one and that it had been caused or brought about by the knowledge or consent of the plaintiffs, but on the trial it produced not a particle of evi-

dence to support the averment. The real purpose of the cross-examination was to inject into the plaintiffs' case a suspicion of incendiarism of which the defendant had presented, and was able to present, no proof.

If none of the property insured under the policy in suit was acquired by plaintiffs prior to 1928—and the fullest cross-examination was permitted on that score—any evidence elicited on cross-examination as to a fire in 1923, which had damaged or destroyed the household goods then owned by plaintiffs, could have been intended only to prejudice the jury and inject into the case a suspicion of what defendant was unable to produce proof.

In the very recent case of *Roney v. Clearfield County Grange Ins. Co.*, 332 Pa. 447, 449, 3 A. 2d 365, the Supreme Court reversed the lower court for permitting evidence that an agent of the company on another occasion had filled in a blank in the application for insurance, without obtaining the information from the applicant, just as the plaintiff in that case had testified had been done in his case; and, speaking through Mr. Justice STERN, said: "That a person has done an act on one occasion is not probative of the contention that he did a similar act upon another occasion." See also, *Keiter v. Miller*, 111 Pa. Superior Ct. 594, 596, 597, 170 A. 364.

In the absence of any proof by defendant of the incendiary character of the present fire and of the plaintiffs' connection with it, evidence elicited on cross-examination of the plaintiffs that they had had a fire fourteen years before would have been wholly irrelevant and immaterial and effectual only to prejudice their case before the jury.

(2) In its charge to the jury the court said: "The suit that is before you is a suit on a fire insurance policy. A fire insurance policy, like any other paper, is a bargain, a contract, and in that bargain the fire insurance company has agreed that they will pay the sound value or the actual cash value less depreciation in the event that

a fire occurs." This was in almost the exact language of the insurance contract and is sufficiently clear of itself to be understandable by laymen. It was followed by a statement that the cash value must not exceed the replacement value and an explanation that the cost of replacement of articles which had not been seriously damaged was the cost of putting them back into the condition they were in before the fire, and by concrete illustrations that would be helpful to the jury in arriving at a just verdict. The evidence on both sides had not been restricted to the cost of the article, but related to its value at the time of the fire, after allowing for depreciation; and to the cost of repairing or restoring to their prior condition such articles as had been injured but not destroyed, where such repair or restoration cost was less than their value at the time of the fire. In this state of the evidence a detailed or extended definition of actual cash value, depreciation, etc., where the parties had not requested it by points presented to the court, would probably not have been helpful to the jury.

The quotation from the opinion of the Supreme Court in *P.O.S. of A. Hall Assn. v. Hartford Fire Ins. Co.,* 305 Pa. 107, 112, 157 A. 259, which is presented by the appellant as an adequate statement of 'actual cash value' —the equivalent of 'sound value'—to wit, " 'The term actual cash value as used in the policy is not a value from which deductions shall be made on account of depreciation. It is the result obtained after allowing deductions for depreciation. It is the net result derived from a calculation or valuation in which depreciation was an element considered, and for which allowance was made. It is the value of the insured property in the condition in which it was immediately before the fire. So that, as used in the policy in suit both actual cash value and sound value mean the value of the property as it stood before the fire, when it was sound; when it was undamaged,' " was stated by the opinion writer, Mr. Justice SCHAFFER

to be a paraphrase or explanation by the counsel for appellee in that case of the clause used in the policy. He said: "The policy itself indicates what is meant by actual cash value; it speaks of 'Actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality.' " To our mind the explanation by counsel was no clearer than the policy itself.

When the trial judge asked counsel if he had misstated the evidence in any way or if there was any point on which he had neglected to charge, counsel for defendant remained silent and did not ask for more specific instructions on the matter now complained of under this head. See *Fortney v. Breon*, 245 Pa. 47, 57, 91 A. 525; *Mastel v. Walker*, 246 Pa. 65, 71, 72, 92 A. 63. In the light of the moderate verdict rendered we are satisfied that appellant has no just ground for complaint on this score.

The assignments of error are overruled and the judgment is affirmed.