## Scilly *v.* Bramer, Appellant.

Argued November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. Scott Calderwood,* with him *William Glassman,* for appellant.

*R. Pierson Eaton,* for appellees.

OPINION BY RHODES, P. J., January 17, 1952:

This is an appeal by defendant from an order of the court below in an action of ejectment wherein plaintiffs seek to recover possession of 112½ acres of land (less five acres to be surveyed and set apart to defendant) in Warren County, Pennsylvania, leased in 1905 to defendant's predecessors for the "sole and only purpose of . . . producing . . . oil and gas." The lease was for a period of twenty years. The present litigation is between assignees of the original parties. In 1926 the lease was extended for twenty years, subject to all the terms and conditions thereof; and on June 11, 1938, the lease was again renewed, subject to its terms and conditions, "for so long as oil or gas or either of them is produced in paying quantities."

The original lease of 1905 required that the lessee "shall within ten days from the date hereof, commence one well upon said premises and shall complete the same within ninety days thereafter unless prevented by inevitable accident, and within fifteen days after the completion of said first well commence the actual drilling upon another well, and so on complete additional wells by commencing and drilling on each successive well within fifteen days from the completion of the preceding, until at least one well is completed on each ten acres, . . ." The lease contained provisions for forfeiture and the entry of an amicable action and confession of judgment in ejectment upon lessee's failure to comply with his covenant to drill wells. The lease further provided that "in case of forfeiture as aforesaid, that each completed and producing well, together with five acres of the demised premises contiguous to the well, *to be surveyed and set apart by the parties of the first part,* their legal representatives, or assigns, shall be excepted from the said forfeiture, and such portion exempted as aforesaid shall thereafter be held by the party of the second part, subject to this lease so far as applicable." [Italics supplied.]

Defendant acquired an assignment of the lessee's interest in 1926. At that time two wells had been drilled; one well was abandoned in 1932. The lessors accepted royalties from the single producing well on the tract until 1941, when the present plaintiffs purchased the fee or lessors' interest, at which time plaintiffs called to the attention of defendant the forfeiture provisions of the lease. On October 11, 1948, plaintiffs made demand upon defendant to commence drilling the additional wells within thirty days, in compliance with the terms of the lease, or they would enforce forfeiture of the lease and retake possession of the undeveloped acreage. Defendant refused to begin to drill any fur-

ther wells on the premises, whereupon plaintiffs instituted by complaint the present proceeding on February 15, 1950. Defendant filed an answer to plaintiffs' rule to show cause why judgment in ejectment should not be entered in which defendant in effect alleged, as he contends here, (1) that plaintiffs and their predecessors waived their right to forfeit the lease by reason of the acceptance of royalties, and their failure to insist, over a period of forty years, upon the provisions as to drilling wells; and (2) that plaintiffs' right to forfeiture is barred by the Statute of Limitations. In this connection defendant states that, under the terms of the original 1905 lease, "the drilling requirement should have been satisfied by January 1, 1909, over forty one years ago."

Testimony was taken in the court below on the rule and answer. The court held that plaintiffs were entitled to a judgment in ejectment for the 112½ acre tract in question, except five acres surrounding the single well thereon. The court below by its order declared the oil and gas lease covering the 112½ acres forfeited "pursuant to the terms of said agreement, except as to the producing well, together with five (5) acres surrounding said well, to be surveyed by the parties as contemplated and provided for in said original lease, and the said well and acreage shall be subject to the covenants and conditions of the original lease 'so far as is applicable.' "

The facts in this case establish plaintiffs' claim to possession of the undeveloped acreage under the provisions of the lease, and they are entitled to a judgment in ejectment. Forfeiture clauses in leases such as oil and gas and mining leases will be enforced where such forfeiture is necessary to do justice, is not contrary to equity, and protects the owner of the land from the laches of the lessee. *Brown v. Vandergrift,* 80 Pa. 142,

146; *Warfield v. Kelly,* 262 Pa. 482, 491, 106 A. 72; *Penrose v. Coal Co.,* 289 Pa. 519, 523, 137 A. 670. It is true, as defendant contends, that a forfeiture is not looked upon with favor; that the right to declare a forfeiture must be distinctly reserved and as a general rule promptly exercised; and that the result of enforcement must not be unconscionable. *Craig v. Cosgrove,* 277 Pa. 580, 121 A. 406; *Myers v. Ohio-Penn Gas & Oil Co.,* 294 Pa. 212, 220, 144 A. 93; *Penn-Ohio Gas Co. v. Franks' Heirs,* 322 Pa. 233, 237, 238, 185 A. 280. A lessor's right to forfeit such a lease may be waived. *Duffield v. Hue,* 129 Pa. 94, 109, 18 A. 566; 58 C.J.S. Mines and Minerals, §205, p. 511. But the facts in the present appeal do not show such a waiver. Mere indulgence, without more, will not constitute a waiver of the forfeiture of such a lease. *Penrose v. Coal Co.,* supra, 289 Pa. 519, 523, 137 A. 670.

Assuming that reasonable notice of forfeiture was necessary (Cf. *Duffield v. Hue,* supra, 129 Pa. 94, 102, 18 A. 566, and *Warren Tank Car Co. v. Dodson,* 330 Pa. 281, 199 A. 139), plaintiffs, upon acquiring title to the fee, called upon defendant to develop the premises and drill wells as required in the lease, and they gave defendant almost sixteen months' notice of their intention to forfeit the lease, as to the undeveloped acreage, for noncompliance.

Defendant relies on *Kern Sunset Oil Co. v. Good Roads Oil Co.,* 214 Cal. 435, 6 P. 2d 71, 80 A.L.R. 453, where the lease required lessee to drill two wells per year until sixteen wells were completed. Over a period of thirteen years only thirteen wells were drilled. The lessor thereafter attempted to forfeit the lease, but the court refused forfeiture on the ground that lessor waived his right to forfeit by the acceptance of royalties for five years after the date when the sixteen wells should have been drilled. In that case the result of the

forfeiture would have deprived lessee of the wells developed and from which the lessor had accepted benefits. In the present case the forfeiture would apply only to the undeveloped portion of the acreage covered by the lease. The provision in the lease for severance means that defendant forfeits only his right to drill additional wells. The forfeiture therefore is a limited one and equitable from the standpoint of both parties. It results in no undue hardship for defendant who has had ample opportunity to develop the oil and gas rights if he ever intended to do so. Apparently no expenditures have been made on the undeveloped acreage, and there has been no attempt to comply with the provisions of the lease. Plaintiffs are not for such reasons estopped to declare a forfeiture. Cf. *Riddle v. Mellon,* 147 Pa. 30, 23 A. 241. There is no equitable support for defendant's position that he can retain the undeveloped portion of the premises contrary to the terms of the lease and still refuse to develop this acreage or to permit plaintiffs to do so.

It has always been held that a judgment in ejectment should show with reasonable certainty the land to be recovered so that execution or a writ of possession may be issued upon it. *Smith v. Jenks,* 10 S. & R. 153; *Miles Land Co. v. Pennsylvania Coal Co.,* 277 Pa. 63, 68, 120 A. 767.

The order of the court below is affirmed; and the record is remitted to that court for the entry of a judgment in ejectment in favor of plaintiffs and against defendant for the leased premises, excluding the producing well together with five acres contiguous thereto to be surveyed and determined as provided by the order of the court.