# Ferguson v. Sturch, Appellant.

*Negligence—Boarding house keeper—Evidence.*

In an action against a boarding house keeper to recover damages for personal injuries where the plaintiff avers in her statement of claim that her foot caught in a hole in a carpet on a stairway in a totally dark hallway, a verdict in her favor cannot be sustained, where the evidence shows that the hallway had been properly lighted, but that the lights had been put out by some one other than the defendant or any one in his employ, and no witness testified that plaintiff fell by reason of her foot catching in a hole, and the plaintiff herself testified that "there wasn't any hole."

Argued Oct. 18, 1915. Appeal, No. 67, Oct. T., 1915, by defendant, from judgment of Municipal Court of

Philadelphia Co., Jan. T., 1915, No. 57, on verdict for plaintiff in case of Clementine M. Ferguson v. Harry H. Sturch. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BONNIWELL, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*J. Barton Rettew,* for appellant.

*David Serber,* for appellee, cited: Lewin v. Pauli, 19 Pa. Superior Ct. 447.

OPINION BY TREXLER, J., December 20, 1915:

The negligence charged in plaintiff's statement is that the defendant, a boarding house keeper, failed to have the hallways and stairways of his house properly lighted and that on the fifth of November, 1914, he knowingly permitted them to be in total darkness and that further he permitted the carpet covering the stairways to be and remain in a worn out condition with a large hole in the carpet at the head of the stairs and that by reason of his failure to exercise due care in the premises, plaintiff was unable to see the hole on account of the darkness and her foot caught in said hole whereby she tripped and fell down stairs.

In support of the first allegation, plaintiff showed that the hallway was dark at the time of the accident, but there was no proof that the landlord had failed to light the lamps or that he was aware that the hall was in darkness or that the hall was in darkness long enough

to charge him with constructive notice of its condition. The fact was that the lamps were lighted at the usual time but through some person, not the landlord, nor any one in his employ, the lights were put out. We can find no evidence of negligence in this regard chargeable to the landlord in the testimony submitted.

As to the second allegation, the proof of her having tripped by reason of a hole in the carpet, failed. In her account of the accident she expressly disavows having fallen by reason of a hole in the carpet. She states, "There wasn't any hole. The carpet was worn, but there was no tear." There is one witness who testified that there was a hole and a number testified there was none. There however is no eye witness to the accident who testified that the plaintiff fell by reason of her foot catching in the hole. We may assume for the purpose of the present inquiry that there was a hole in the carpet and still in no wise is the accident connected with it. Had the stories of the accident varied as between the plaintiff and her witnesses, there would have been a question for the jury as to whose story was correct. In this case, however, there is but one account of the occurrence. Plaintiff states that she did not fall by reason of the hole in the carpet. The plaintiff cannot complain if her narrative of the happening of the accident shows no negligence on the part of the landlord. The case presents an entirely different question than one where the plaintiff's statement shows facts entitling her to recover and her own witnesses contradicted her: Kohler v. Penna. Railroad Co., 135 Pa. 346; Susko v. Harleigh-Brookwood Coal Co., 244 Pa. 339. We think there was no proof of negligence. In view of the fact that we have concluded that the defendant was free from blame, it will be unnecessary to consider the question of the alleged contributory negligence of the plaintiff.

The judgment is reversed and is now entered in favor of the defendant.