# Jerdon, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Pedestrian—Crossing—Excessive speed—Failure to sound warning—Contributory negligence—Nonsuit.*

1. The fact that a street car is operated at a high rate of speed is not negligence per se.

2. In an action by a pedestrian against a street railway company to recover for personal injuries sustained by being struck by a trolley car at a street crossing, a compulsory nonsuit was properly entered where the negligence alleged was in running the car at an excessive speed and the defendant's failure to give signals or warning, but where it appeared that, as the night was clear and the car visible for two blocks from the point of the collision, plaintiff must have seen the car had he looked before attempting to cross the street.

Argued Jan. 11, 1918. Appeal, No. 176, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1915, No. 125, refusing to take off compulsory nonsuit in case of Edward Jerdon v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries.

The facts appear from the following opinion by CARR, J.:

The accident occurred about midnight of April 29, 1915, at Gray's Ferry Road and Thirtieth street. The plaintiff was attempting to cross Gray's Ferry Road walking north on the west side of Thirtieth street. Gray's Ferry Road between the curbs is thirty-two feet in width.

The plaintiff was seventy-one years of age, and had lived at 3001 Gray's Ferry Road, in front of which the accident happened, for thirty-five years. Gray's Ferry Road is in a straight line from Twenty-eighth street west, giving a clear view at Thirtieth street for an approaching car for a distance of two blocks. At the corner there

was an electric light, and on the night of the accident the weather was perfectly clear. It is a built-up part of the city, with factories on both sides, with a freight yard, and dwellings and stores have been built to the west of Thirtieth street, which does not run through to the north. Several tracks of a steam railroad parallel Gray's Ferry Road on the south.

The averments of negligence are excessive speed and failure to give signals or warnings.

The plaintiff testified that when he reached Gray's Ferry Road on Thirtieth street he stopped at the curb and let a car pass, going east, and in a few seconds one came west on the north side, and he waited until that passed. He looked up and down and saw everything was clear, and started across. He looked as he was crossing over to the north side, and just as he was stepping over the last rail he was hit by the car. "I never seen it or heard it or nothing else."

If excessive, the speed of the car was not, of itself, negligence, for it was not the cause of the accident, as plaintiff states he neither saw nor heard it. In Childs v. Penna. R. R. Co., 150 Pa. 73, it was held that railroad companies may move their trains in the open country at such rate of speed as the character of their machinery and roadbed may make practicable, and the maximum rate of speed under such circumstances is not a question for the jury. Nor is a high rate of speed negligence per se. But the greater the speed the greater the degree of care required in giving warning when approaching a road crossing at grade. See also Eply v. Lehigh Valley R. R. Co., 3 Pa. Superior Ct. 509.

If the plaintiff had testified that he had seen and heard the car, the rate of speed would, of course, have been material; and assuming that excessive speed was proved, yet the defendant complied with its duty of increased care, for the lights inside and out were seen by both Brady and Cosgrove, and the lights of the other cars go-

ing east and west for which the plaintiff waited were seen also by him.

Taking into consideration the locality and hour of the night, excessive speed was not shown. The flying sand and flashes of fire of which Brady speaks were not seen until the car was at Thirtieth street, and were therefore no evidence of excessive speed, but were the result of the effort to stop the car when the plaintiff, unfortunately without caution, stepped upon the westbound track. As to the failure to give warning, the plaintiff's case is also without proof. The night was clear, and, as a warning or signal, the car was brilliantly lighted, both within and from the headlight. The car was seen and heard by both Brady and Cosgrove, and the plaintiff had not only seen and heard a car moving on the eastbound track, for the passing of which he waited at the south curb, but also he had seen and heard a car moving on the westbound track, for the passing of which he also waited. While it is a manufacturing district, yet there is no proof that night-work was going on, and Cosgrove stated that no locomotives were there, and Brady's vague suspicion of mist or steam cannot relieve the plaintiff from the result of his carelessness.

Unquestionably, the cause of the unfortunate accident was the plaintiff's failure to look for the second car which was following closely behind the first; for if he had looked he would have seen it as readily as he had seen the first, for the passing of which he had waited in safety.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the compulsory nonsuit.

*John Martin Doyle,* with him *Eugene Raymond,* for appellant.

*Charles H. Edmunds,* for appellee.

PER CURIAM, February 18, 1918:

This judgment is affirmed on the opinion of the learned court below dismissing the motion to take off the nonsuit.