Chapman et ux. *v.* Weimar, Appellant.

Argued September 30, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Rouse Burns,* with him *Mortimer B. Rosenberger,* for appellant.

No appearance was made, nor brief filed, for appellee.

OPINION BY STADTFELD, J., December 17, 1937:

This action was one of trespass for personal injuries and property damage, arising out of an automobile collision which occurred at the intersection of Annsbury and G Street in the City of Philadelphia.

The case was tried before the court and a jury. A verdict was rendered in favor of the husband-plaintiff in the sum of $75 and the wife-plaintiff for $75.

Request ex parte defendant for binding instructions was refused and motion for new trial overruled. The only assignment of error necessary to consider is the first, which relates to the charge of the court wherein the trial judge, KALODNER, stated: "On the defendant's own testimony as to the manner in which the accident happened, I am bound to say to you as a matter of law, that he was guilty of negligence ......"

Annsbury Street is a roughly paved Street which comes into G Street from the east at right angles, but does not cross G Street. G Street runs north and south and is some 50 to 60 feet in width. The driver of the husband-plaintiff's car, son of plaintiffs, in which the wife-plaintiff was riding, testified he was going west on Annsbury Street and that when he arrived at a point between the building line and the curb at the intersection with G Street, he saw defendant's automobile approaching about 200 feet away. From the building line to curb on G Street, he testified was 25 to 30 feet and he was therefore about 12 to 15 feet east of the curb line. He testified that he proceeded to make a right-hand turn into G Street and was struck when 10 to 15 feet north of Annsbury Street by the automobile of the defendant coming from his left. The wife-plaintiff, who was riding with him, did not see the accident at all, and no contributory negligence was alleged as to her.

The accident occurred at about 4:30 in the afternoon of February 21, 1935. The weather was clear and the streets were dry. Wallace S. Chapman, driver of plaintiffs' car, testified: "I had started to make my turn, I was about 15 feet out into the street when my car was struck . . . . . . I think you said you had reached a point some 15 feet north of Annsbury Street? A. That is what I just repeated. Q. Well, what part of 'G' Street were you in—not with relation to Annsbury Street, but what part of 'G' Street were you in—in the center of the street or west of the center or east of the center? A. I was east of the center of the street, over about 15 feet from the east curb. Q. In what direction was your car facing before it was hit? A. It was facing north on 'G' Street. Q. You had already made your turn, had you not? A. I had not quite completed my turn when my car was struck. Q. In other words, you were really in what would have been Annsbury Street, about 15 feet out from the east curb of 'G' Street; is that correct? A. No; I would say I was more on 'G' Street than Annsbury, because I had already pulled the back of my car out of Annsbury Street, my car was on—oh, I should say a slight angle where I was struck. If it had not been, I would have been struck right in the back."

Defendant's testimony is set forth in the charge of the court from which we quote: " . . . . . . his own story is that he was driving north on 'G' Street the plaintiffs' car west on Annsbury Street; that as he came to a point about thirty feet south of Annsbury Street he observed the plaintiffs' automobile on Annsbury Street at the building line at 'G' Street, the east side of the intersection of the two streets. He further said that as he came to a point ten feet south of the Annsbury Street intersection he saw the plaintiffs' automobile about at the east curb. There are two points involved there. The plaintiffs' automobile was to the right of the defendant's

automobile and it had arrived at the intersection when the defendant's car was still thirty feet away. The plaintiffs' automobile, therefore, under the law had the right of way on both the two points involved. Now, the defendant's own story makes the plaintiffs' case even stronger than that, because the defendant says that the plaintiffs' automobile was at the curb while he, the defendant, was ten feet from the intersection, or at the house line of 'G' Street. So the plaintiffs' car was really at the intersection before the defendant's car came to or arrived at the intersection. It is the law that the car that first arrives at an intersection has the right of way; also that the car to the right has the right of way. On the defendant's own testimony, the plaintiffs' car had arrived first, and was also to the defendant's right. Instead of the defendant yielding to the plaintiffs' rights, he continued on across the intersection at the rate of 25 to 28 miles an hour, and the collision occurred. So I say to you, and instruct you as a matter of law, that the defendant was guilty of negligence in this case and is therefore responsible in damages to the plaintiffs."

If the statement of facts by the court is correct, then the charge of the court as to defendant's negligence and responsibility is correct. If the court did not correctly state the facts, then attention should have been called thereto. A careful examination of the record indicates that the court's statement as to defendant's own testimony is correct. No request for correction of any alleged misstatement was made by counsel for defendant, so that we may assume that he considered the statement of the facts correct. The only exception he asked for at the conclusion of the charge was as to defendant's liability under the admitted facts. This was as to a conclusion of law. As held in *Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co.*, 233 Pa. 369, 82 A. 473, at p. 372: " 'A party may not sit silent and

take his chances of a verdict and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless.' " (See also *Fortney v. Breon*, 245 Pa. 47, 91 A. 525; *Hastel v. Walker*, 246 Pa. 65, 92 A. 63; *Com. v. Norris*, 87 Pa. Superior Ct. 66.

From the admitted facts, we agree with the conclusion of the court below and do not consider that the court erred in its instructions to the jury.

Judgment affirmed.