Opinion by
 

 Hirt, J.,
 

 Judgment was entered for plaintiff on the verdict for injuries sustained while a passenger on defendant’s street car. The car, proceeding northwardly in Third Street in Philadelphia, ran into a truck in the intersection at Spring Garden Street as the truck was crossing the track. The assignment of error, going to the refusal of the court to enter judgment for the defendant n.o.v., raises the single question of defendant’s negligence.
 

 Plaintiff’s meagre testimony does no more than to prove a collision between defendant’s street car and a truck, not under its control or management. No defect in the means or appliances of transportation appeared and the mere fact of the collision therefore, did not give rise to a presumption or even an inference of the carrier’s negligence.
 
 Blew v. Phila. Rap. Transit Co.,
 
 227 Pa. 319, 76 A. 17;
 
 Welsh v. Jump House Wrecking Co.,
 
 306 Pa. 228, 159 A. 170;
 
 Zolden v. Shenango Val. Trac. Co.,
 
 94 Pa. Superior Ct. 191;
 
 Zaltouski v. Scranton Ry. Co.,
 
 310 Pa. 531, 165 A. 847.
 

 The burden was upon plaintiff to show some negligent act of defendant which alone, or concurring with the negligence of the driver of the truck, caused the injury. In his statement plaintiff charged defendant with excessive speed, lack of control, failure to obey traffic laws and to give warning of the approach of the street car into the intersection. There is no proof of any of these allegations. Plaintiff was seated on the left side of the car immediately behind the motorman, facing east. He testified: “All of a sudden, we got to a boulevard or a wide street, and I was looking out through the window
 
 *447
 
 on the starboard side — that is, the right side — and all of a sudden I seen what looked to me like the Flatiron Building loom up ahead of us. Then it stopped, and we stopped too. A truck had caved in the whole bow, that is, the front end of the car.” When again asked what he observed, he said: “Well, we started going across the street and I seen this thing in front of us, and then it was — bang.” The truck was struck in the middle of its side; which side, does not appear. Both the car and the truck stopped immediately. The street car was not derailed by the force of the impact. This is the extent of plaintiff’s evidence.
 

 Defendant’s negligence does not follow as an inference from the above testimony merely because the street car was not stopped in time to avoid the truck. Street cars are not held to the strict rule of control that attaches to a moving automobile in a street intersection,
 
 Weschler
 
 v.
 
 Buffalo & L. E. T. Co.,
 
 293 Pa. 472, 143 A. 119; the rights of a street car company, though not exclusive, are superior to those of the traveling public and their cars have the right of way.
 
 Ruthberg v. P. R. T. Co.,
 
 300 Pa. 536, 151 A. 19. “As to lack of control, it is well settled that ‘it is not the duty of a street railway company to anticipate and provide against every exigency or possible contingency that may suddenly arise in the operation of its lines, but that it performs its whole duty by the exercise of care according to the circumstances ......It is the duty of a motorman to keep a constant lookout ahead, and to have such control of his car as to avoid dangers ordinarily incident to its operation, and also to avoid such unusual and unexpected dangers as he saw in time to avoid’:
 
 Tatarewicz v. United Traction Co.,
 
 220 Pa. 560, 562-63. See also
 
 Petri v. Pittsburgh Rys. Co.,
 
 328 Pa. 396, 400. It is only required of the motorman that he have his car under such control ‘as the circumstances seemed to require’:
 
 Schaeffer v. Reading Transit Co.,
 
 302 Pa. 220, 223”: Cox
 
 v. Wilkes-Barre Railway Corp.,
 
 340 Pa. 554, 17 A. 2d 367.
 

 
 *448
 
 It was dark but the evidence is silent on the subject of lights on either vehicle or street lights at the intersection. Their speed does not appear. There is no evidence as to where in the intersection the collision occurred nor as to the presence or absence of other traffic. There is no direct evidence of the direction in which the truck was proceeding nor how it was headed after the collision. Under the testimony the truck may have been traveling either eastwardly or westwardly in Spring Garden Street or it may have been proceeding northwardly on the east side of Third Street in advance of the street car, suddenly turning westwardly on to the track in front of the approaching car. Even if it was proceeding westwardly, as plaintiff contends, there is no inference of negligence in the absence of testimony of other attending circumstances.
 

 Viewed in the light most favorable to plaintiff, defendant’s negligence does not follow from any legitimate inference from the testimony; the conclusion of the jury could have been reached only by conjecture; the judgment, therefore, cannot be permitted to stand. A verdict may rest upon circumstantial evidence only if so strong as to preclude the possibility of injury in any other way, thus supporting a reasonable inference of negligence by the clear preponderance of its likelihood and excluding other probabilities just as reasonable.
 
 Ranck v.
 
 Sander, 327 Pa. 177, 193 A. 269;
 
 Pfendler v. Speer,
 
 323 Pa. 443, 185 A. 618. “Where any one of a number of causes might have been responsible for an accident, for some of which defendant would be liable, and for others not, the jury are not at liberty to guess that one of them caused the injury, and to attribute it to the defendant”:
 
 Manning v. Baltimore & Ohio R. R. Co.,
 
 296 Pa. 380, 146 A. 30. Cf.
 
 Skrutski v. Cochran,
 
 341 Pa. 289, 19 A. 2d 106.
 

 Judgment reversed and directed to be entered in favor of defendant.