Kins *v.* Pittsburgh Railways Company et al. Appellant.

Submitted October 28, 1943. Before KELLER, P. J.,

BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Daniel H. McConnell* and *J. R. McNary,* for appellants.

*Edward O. Spotts, Jr., Gilbert E. Morcroft* and *T. Robert Brennan,* for appellee.

OPINION BY KENWORTHEY, J., December 10, 1943:

This appeal presents a rather novel question. Plaintiff, a pedestrian, was injured as a result of a collision between additional defendant Wilson's automobile and appellant's street car. The controlling issue of fact was, how far away was the street car when Wilson was about to enter upon the tracks. Plaintiff testified the distance was 150 feet, that the trolley was going 35 miles per hour and that Wilson's car was struck as the rear was about to clear the tracks. The motorman of the trolley and—curiously enough—Wilson testified that the trolley was only 20 to 25 feet away.

The trial judge charged the jury that Wilson's admission that the street car was only 20 to 25 feet away when he drove on the tracks was "evidence of negligence on his part as a matter of law," and that, "If the jury finds that testimony to be testimony upon which it can

depend ...... then he was guilty of an act of negligence." At the end of the charge and upon the request of counsel for appellant, the court repeated the substance of these statements and added that *if* Wilson drove onto the tracks only 20 to 25 feet ahead of the street car the verdict should be against Wilson only.

By its verdict against appellant only, the jury clearly indicated it accepted plaintiff's version and rejected that of Wilson and the motorman.

Appellant contends the court should have affirmed its written point which contained not only a direction that Wilson was guilty of negligence as a matter of law on his own testimony, but "that any verdict rendered for the plaintiff must be against" Wilson.

Clearly the court's refusal to grant a new trial of the *whole case* was correct. There is no merit in the contention that appellant was "deprived of a fair trial" because of the court's refusal to give what, in effect, would have been a binding instruction against Wilson. If the theory is that the instruction might have induced the jury to absolve appellant, such result would have been unjust to plaintiff. Irrespective of the rights of the defendants between themselves, plaintiff was entitled to have his version of the accident passed upon by the jury and the court would have had no right to detract from that tribunal's power to resolve, as it saw fit, the issue between plaintiff and appellant. And, even if the refusal of the instruction was error, appellant would, at best, be entitled to a new trial (or, if it had moved for one, a judgment n.o.v.) against Wilson for his contributionship. *Trerotola v. Phila.,* 346 Pa. 222, 227, 29 A. (2d) 788; *Felo v. Kroger Grocery & Baking Co.,* 347 Pa. 142, 145, 31 A. (2d) 552; *Schwartz v. Jaffe,* 324 Pa. 324, 331, 188 A. 295; *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231.

The more difficult question is whether appellant is entitled to a new trial *as to Wilson only*—whether it was entitled to the refused instruction.

If this were an action by Wilson against appellant, the applicable rule would be that, "If the plaintiff's own testimony had shown that he was negligent, he could not complain if the court took his case as he made it, although another witness had done better for him than he had for himself; ......" *Kohler v. Pa. R. R. Co.*, 135 Pa. 346, 357, 19 A. 1049. See also *Downing v. Gault*, 8 Pa. Superior Ct. 52, 54; *Ferguson v. Stusch*, 61 Pa. Superior Ct. 516, 518; *Acklin v. McCalmont Co.*, 201 Pa. 257, 267, 50 A. 955. But a rather serious problem arises when we attempt to transpose the rule to a situation like the present. There is something incongruous about saying to a jury that they may find that the trolley was 150 feet away when Wilson entered the tracks and base a verdict against appellant on the strength of it, yet that they *must* find a verdict against Wilson on the theory the trolley was only 20 to 25 feet away. Thus a rule which seems reasonable and just when applied to a case in which the party who makes a bad case for himself *seeks to recover* against a *single* defendant becomes, in our opinion, hopelessly unworkable in a situation in which there are two or more defendants against whom recovery is sought. In the latter we think the better rule is the more general one, that conflicts in the evidence are for the jury and that the jury is free to find, if it is so convinced, that the facts are more favorable to a party than he himself makes them out to be provided, of course, there is other evidence to support the finding.

Any other rule might lead to collusion between a defendant who is solvent and one who is not.

Judgments affirmed.