## Schnitzer *v.* Philadelphia Transportation Company et al.

Argued September 28, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

David A. Saltzburg, with him Morris W. Kolander, for individual defendant, appellant.

Thomas D. McBride, with him Joseph E. Gold, for plaintiff, appellee.

S. Regen Ginsburg, with him Bernard J. O'Connell, for Philadelphia Transportation Company, appellee.

OPINION BY DITHRICH, J., January 18, 1946:

Plaintiff brought this action of trespass for personal injuries against the Philadelphia Transportation Company and Morris Kenterovitz. The injuries were sustained when one of the Transportation Company's street cars collided with Kenterovitz' automobile. The court held that the co-defendant Kenterovitz was negligent as a matter of law and directed a verdict against him. The case was then submitted to the jury on the issue of the Transportation Company's negligence. The jury returned a verdict as instructed against Kenterovitz for $2,000, and also a verdict in favor of the Transportation Company. Kenterovitz appeals from the judgments entered on the verdicts.

Plaintiff was a passenger in the back seat of Kenterovitz' sedan as it was travelling eastward on Shunk Street approaching the intersection with 13th Street in the City of Philadelphia on March 13, 1943, at 5:30 P. M. Thirteenth Street is a one-way northbound street (by Ordinance of the City Council of Philadelphia, approved August 29, 1939, of which every court shall take judicial notice: Act of April 8, 1941, P. L. 16, §1; 28 P. S. §301). There is a single street car track on 13th Street, but this intersection was not a street car stop.

When Kenterovitz, who was driving, reached the western building line on 13th Street, he looked south and saw a street car approaching from his right about 150 feet away. He testified that he was travelling very slowly, about 8 or 10 miles per hour. He did not look again until his front wheels were at the first rail of the street car track, at which time he said the street car was 75 or 100 feet away. As his front wheels passed over the second rail of the track, the street car struck the right rear of his automobile. Witnesses estimated the speed of the street car at 20 to 25 miles per hour.

Kenterovitz, the appellant, testified on his own behalf and was his only witness. He admitted that he saw the street car only twice: "By the Court: Q. You mean you didn't see it between the time you looked at the house line until you got to the rail? A. Yes, I saw the trolley car twice, sure. . . . Q. When you got to the curb line, on the west side of 13th Street, where was the trolley car then? A. (Through an interpreter) I am telling you, I saw the trolley car twice, once at the house line and the second time the rail, before the rail. Q. That is what you were asked before. Were those the only two times you saw it, at the house line and at the rail? A. Yes." This admission is sufficient to convict appellant of negligence as a matter of law. A rate of speed of 20 to 25 miles per hour was not unreasonable for the street car to travel between stops. It is only required of the motorman that he have his car under such control as the circumstances seem to require: *Kelly v. Phila. Trans. Co.*, 146 Pa. Superior Ct. 445, 23 A.2d 57. And it is well settled that street cars have a right of way superior to that of other vehicles: *Kelly v. Phila. Trans. Co.*, supra; *Dopler v. Pittsburgh Railways Co.*, 307 Pa. 113, 160 A. 592; especially when the street car approaching the intersection is on the driver's right: *Reinard v. Lehigh Valley Transit Co.*, 334 Pa. 343, 6 A.2d 96. Appellant saw that the street car was 150 feet from the intersection as he approached it. It was his

duty to exercise ordinary care and to judge whether he could cross safely: *Dopler v. Pittsburgh Railways Co.,* supra. Instead of doing so, he took one look at the street car and continued toward the track, voluntarily subjecting himself to a dangerous hazard. In attempting to cross the track in front of the street car, he did not act as a reasonably prudent person. *Stoudt v. Phila. R. T. Co.,* 97 Pa. Superior Ct. 295; *Reinard v. Lehigh Valley Transit Co.,* supra.

Appellant contends that his negligence as a co-defendant should have been left to the jury, in view of the conflicting evidence. This contention might be of some merit if there were other testimony that would support a verdict in favor of appellant. *Kins v. Pittsburgh Railways Co., et al.,* 154 Pa. Superior Ct. 29, 34 A.2d 809. In the instant case there was no other evidence which would have supported a verdict in appellant's favor. The testimony of other witnesses is even more convincing than appellant's as to his negligence. Appellant said that when he was at the house line the street car was 150 feet away. His son-in-law, David Rabinowitz, called by the plaintiff, testified that it was only 100 feet away, and Abraham Barnow, another witness for plaintiff, testified that it was only 50 feet away. Their testimony further supports the trial judge's ruling that appellant was negligent as a matter of law.

There is no question about the right of a trial judge to direct a verdict against a defendant. The question was before this court in *Chapman et ux. v. Weimar,* 129 Superior Ct. 373, 195 A. 473, in which the defendant was declared negligent as a matter of law. True, in that case there was only one defendant, but in our opinion the same ruling applies where there is more than one defendant.

The rule might not apply if it were the plaintiff who was complaining of the court's action, but he takes the position, and properly so, that at most appellant would be entitled to a new trial or to a judgment n. o. v.

against the Philadelphia Transportation Company for contributionship. *Kins v. Pittsburgh Railways Co.*, supra; *Trerotola v. Philadelphia, et al.*, 346 Pa. 222, 29 A. 2d 788. But appellant's motion was for a new trial "both as to the plaintiff and as to the defendant, Philadelphia Transportation Company." The motion was properly refused. Furthermore, plaintiff in his brief of argument states: "The question of the motorman's negligence was given to the jury in a fair and careful charge. The jury believed the motorman and found their verdict only against Kenterovitz."

The judgments are affirmed.