Gilmore, Appellant, *v.* Marsh.

Argued January 12, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert M. Hankin,* with him *Meyer, Lasch, Hankin & Poul,* for appellant.

*Gilbert P. High,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 14, 1967:

Douglas Gilmore suffered serious injuries when a motorcycle he was operating collided with an automobile operated by David R. Marsh. This action by Gilmore for damages followed, and at trial the jury returned a verdict for Marsh. Gilmore appeals from the judgment entered on the verdict.

The collision occurred on a four-lane highway in front of a shopping center. Each lane was approximately eleven feet wide. Two lanes were for traffic traveling east and two for traffic traveling west. The east and west traffic lanes were completely separated

by a medial strip which was generally about eighteen feet wide. However, in front of the shopping center, there were three separate breaks in the strip to permit traffic traveling east, or on the side of the highway opposite the shopping center, to make a left turn and enter the center. At these points the dividing strip narrowed, and an extra lane existed for a short distance on that side of the highway from which traffic turning left into the center was required to negotiate the turn. Opposite each of these breaks in the strip was an entrance from the highway to the parking area on the shopping center's grounds.

Immediately before the collision the Marsh automobile which was traveling east on the highway, turned left and proceeded through one of the breaks in the dividing strip towards the entrance to the shopping center's parking area. While traveling across the lane abutting and nearest the center's entrance, it was hit at the rear fender by Gilmore's motorcycle which was traveling west.

The trial testimony was in sharp conflict as to important facts surrounding the occurrence. It need not be detailed here. It is sufficient to note, that under the evidence the jury could properly conclude that the negligence of either Marsh or Gilmore, or of both, caused the accident.

In his charge to the jury the trial court, inter alia, read certain sections of The Vehicle Code, Act of 1959, P. L. 58, as amended, 75 P.S. §102, defining a highway intersection, and the rights and duties of motorists entering and proceeding through such intersections. He stated that it was not crystal clear whether the accident scene was within the term "intersection" as defined and contemplated by the code, so he would leave that question to the jury to resolve. Gilmore contends that the accident did not happen at an "intersection" and the court erred in making any refer-

ence thereto, and particularly in discussing the law as to the right of way at such points on the highway.

We have carefully reviewed the charge in its entirety and find no reversible error. It is fundamental that instructions to a jury must be considered as a whole and isolated portions thereof, even if erroneous, do not warrant a new trial unless they constitute basic, fundamental and prejudicial error. See, *Segriff v. Johnston,* 402 Pa. 109, 166 A. 2d 496 (1960). This is not such a case.

We deem it unnecessary to decide whether an "intersection" was involved herein, but note that several other jurisdictions have ruled that shopping centers and accesses linking parking areas thereon to public highways do not constitute "intersections" within the meaning of applicable traffic regulations. See Annot., 7 A.L.R. 3d 1204, at 1249 (1966), and cases cited.

A reading of the charge in its entirety clearly manifests that the references to intersections did not prejudice Gilmore's case. The trial court in clear language spelled out Marsh's obligations in the operation of his automobile at the time involved. He told the jury, that Marsh was required to make the turn into the center from the lane provided on the highway for that purpose; that he was required to give an effective signal of his intention to turn; that he was required to see and observe traffic approaching from the east; that he was required to yield the right of way to traffic approaching from the east if it were in the intersection or so close thereto that reasonable diligence would dictate that he could not make the turn and proceed across the highway safely; and, that if he failed to exercise these precautions he was guilty of negligence. This was a correct statement of the pertinent law. See *Sollinger v. Himchak,* 402 Pa. 232, 166 A. 2d 531 (1961).

As to Gilmore's responsibility at the pertinent time, the court instructed the jury, that the operation of a motorcycle on a public highway was perfectly legitimate; that the motorcycle was being driven in a straight line and in its proper lane "so that the only thing under the evidence that I could possibly see that would convict Mr. Gilmore of any negligence, would be the speed at which he operated that motorcycle."[1]

Gilmore finally complains of a trial witness's competency to testify that the motorcycle was traveling at a speed of seventy miles an hour in a thirty-five mile speed zone immediately prior to the accident. This is devoid of merit. See *Kotlikoff v. Master, Adm.*, 345 Pa. 258, 27 A. 2d 35 (1942), and *Layman v. Gearhart*, 389 Pa. 187, 132 A. 2d 228 (1957).

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

---

[1] This was not completely accurate and more favorable to Gilmore than the evidence warranted.