Opinion by
Hoffman, J.,
Appellee, Connelly Containers, Inc., brought an action in trespass in the Court of Common Pleas of PhiladelpMa, against the Pennsylvania Railroad Company (now Penn Central Transportation Company) claiming damages for the destruction of its Bala-Cynwyd corrugated box factory by a fire which occurred on May 24, 1965, allegedly as a result of negligence on the part of appellant. By agreement of the parties the issue of liability was tried before a jury in May, 1970, the Honorable Joseph L. McGxynn, Jr., presiding. The jury returned a verdict for appellee. Judge McGlynn entered judgment for appellee following the denial of appellant’s motions for judgment n.o.v. and for a new trial. On the date that the judgment was entered the parties stipulated to damages of $6,000,000. Appellant appeals from this entry of judgment.
Appellant contends that (1) the lower court should have directed a verdict for appellant on the ground that there was no evidence from which a jury could reasonably conclude that appellant provided the source of ignition for the fire at appellee’s plant, (2) the lower court erred in submitting each one of three possible theories of liability for consideration by the jury, (3) the lower court erred in refusing to charge the jury that appellee was bound by certain evidence which it introduced, and (4) the lower court erred in admitting *10 in evidence the opinion testimony taken on deposition of appellee’s expert witness where appellant allegedly did not receive a full opportunity to examine this witness as to his opinions. For the reasons set forth below we believe that the judgment of the lower court should be affirmed.
The significant facts in this case are as follows: The fire broke out shortly after 4:00 a.m. on May 24, 1965, and rapidly spread throughout the manufacturing area of appellee’s plant, eventually destroying that portion of the plant. Appellee produced expert and other testimony which indicated that the fire had originated in a boxcar loaded with cornstarch. This car had been delivered into the plant by appellant two nights before the fire.
Appellee sought to develop the theory that the cargo of the boxcar had been ignited by appellant’s employees during the making of repairs to the loaded ear in appellant’s yard at Enola, Pennsylvania, near Harrisburg, and that because of the peculiar nature of cornstarch, the fire had burned undetected for nearly six days and then erupted, raising the temperature of the car and igniting rolls of paper next to the car by radiant heat.
The boxcar in question had been loaded in Iowa with 840 one-hundred pound bags of cornstarch piled chest-high on cardboard pallets called “slip sheets”. The car was transferred to appellant in Chicago, and appellant placed the loaded car in its repair yard at Enola, prior to delivery to appellee, to do certain repair work on an extension of the metal running board at the brake end of the car. Appellant admitted that the repair work involved heating and welding, but denied that its employees had ever entered the car. After the fire, however, appellee’s expert, Everett Chapman, discovered a two and one-half inch long welding rod *11 stub in unburned starch above a slip sheet inside the car, several feet from the brake end of the car. The stub was found directly below a large heat scar on the car ceiling, which one witness testified was consistent with the existence of a heat chimney created by the burning starch.
After the repairs at the Enola yard were completed, the car was transferred to appellee’s Bala-Cynwyd plant, where it was placed on a siding which ran inside the plant along the full length of one wall. The car was spotted adjacent to the area where rolls of paper used in manufacturing were stored. On the date of the fire, rolls of paper were stacked vertically to a height of seventeen feet along the length of the boxcar, within several inches of the car.
Nothing unusual was observed until the outbreak of the fire. A Burns security guard passed by the car approximately forty minutes before the fire, observed its open door adjacent to the paper rolls, and noticed no sign of fire, heat, or smoke. None of the eyewitnesses could state precisely where the fire had started, but a number of the witnesses testified that the fire was in the immediate vicinity of the boxcar and burning the rolls of paper adjacent to the car. Several witnesses testified that they observed a “red glow” around the car and inbetween the car and the paper rolls.
Appellant’s first contention is that the case should not have been submitted to the jury because the evidence was insufficient to establish that appellant provided the source of ignition of the fire. This contention clearly cannot be sustained. Not only were there a number of eyewitnesses who placed the origin of the fire at the location of appellant’s boxcar, but appellee also introduced expert testimony which indicated that the fire had started within the boxcar itself. Appellant did introduce contrary expert testimony, but *12 the weight to be assigned to this testimony was for the jury.
Appellee’s experts testified that they could find no other source of ignition than appellant’s boxcar, that their examination of that car and the remains of the plant indicated that the fire had actually started within the boxcar, and that this fire was started either by the welding stub found inside the car or by heat applied to the outside of the car during the making of repairs to the car by appellant. There was further testimony that starch could be made to burn, that it could have burned undetected for the six day period or for an even longer period, and that piles of the starch had been observed at the site of the fire burning in the same manner as indicated by appellee’s experts.
The Supreme Court of Pennsylvania recently considered a case in which the defendant argued that the evidence was not sufficient to sustain the verdict because it was based on “conjecture, guess, or surmise.” That case involved a window which blew out and injured the plaintiff. Plaintiff introduced expert testimony to the effect that the doors of the premises were improperly constructed so that a high velocity wind would be funneled right into the doors, pushing them open and exerting a pressure on the inside walls and ceilings sufficient to blow out the window. The Superior Court reversed the judgment for the plaintiff and entered judgment n.o.v. for the defendant. Our Supreme Court reversed and reinstated the award for plaintiff: “This ease is ruled by Griffith v. Clearfield Truck Rentals, Inc., 427 Pa. 30, 233 A. 2d 896 (1967), where, quoting from Smith v. Bell Tel. Co. of Pa., 397 Pa. 134, 153 A. 2d 477, 479 (1959), we said at page 38: ‘A variety of formulae for determining the sufficiency of circumstantial evidence to sustain a vex’dict may be found, including: “such as to satisfy reasonable and *13 well balanced minds”, [citing cases], “[the facts and inferences] must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition” [citing cases]. Although some of the formulations appear to be mutually inconsistent, they have sometimes been used together, [citing a case]. The formula that “the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion plaintiff advances” is not a correct statement of the rule to be applied by the judge on deciding a motion for either a nonsuit or binding instructions. If that were the rule what would be the province of the jury? In no case where there was more than one reasonable inference would the jury be permitted to decide. Insofar as this rule is stated in our cases it is disapproved, [footnote omitted]. We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based, [citing cases]. Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors’ own knowledge and experiences, for that is, of course, the very heart of the jury’s function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the only one which logically can be reached. It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . .’ (Emphasis in original).” Jones v. Treegoob, 433 Pa. 225, 229-30, 249 A. 2d 352 (1969).
*14 It is evident from an examination of the record in this case that appellee presented at least two reasonable hypothesis to explain the fire which destroyed its property. The jury had expert testimony that the fire began in the appellant’s railroad car, and it could have inferred that in the course of repairs the appellant had allowed a hot welding stub to enter the car or that in the course of outside welding, heat had been transferred to the inside of the car igniting the starch. There was sufficient testimony to sustain all the inferences necessary to support the verdict.
Appellant’s second contention is that even if the evidence were sufficient to allow the case to be submitted on any one of the theories offered by appellee, the evidence was not sufficient on each of the theories, and the jury therefore could have brought back its verdict on the basis of one of these insufficient theories. As stated above, we believe that there was sufficient evidence for the case to be submitted to the jury on either (1) the theory that the welding stub found in the car had been allowed to enter the car during the course of repairs and that this stub had ignited a slow-burning fire in the starch at the brake end of the car, or (2) that the welding and heating done to the outside the railroad car created sufficient heat within the car to ignite the starch. It is appellant’s contention that a third theory of liability was submitted to the jury by the trial judge, and that this theory was not supported by sufficient evidence.
: Appellant’s argument rests on the following part of the trial judge’s charge to the jury: “The plaintiff also suggests to you that the railroad was negligent in riveting inside the car: — I think everybody agrees that, if you rivet, somebody has to be inside and somebody has to be outside — and that during the course of the riveting many sparks or pieces of hot metal came off *15 the rivet and dropped to the cargo of the boxcar. . . . Another point is that, as a result of the adjusting or repairing of the metal brackets which held the brake wheel, some rivets were installed, and that in the course of installing those rivets somebody had to be on the inside, bucking them. And when they were bucking them, some sparks flew and fell to the cargo. . . .” The lower court was at this point in the charge referring to the contentions of the parties. In fact, however, the appellee had never asserted this rivet theory, and the lower court apparently was confused by certain testimony of appellee’s witnesses that there appeared to be new rivets and new welds on the inside of the boxcar. This evidence was obviously introduced by appellee to show that the state of the interior of the car was not inconsistent with the inference raised by the welding stub that there had been some welding inside the car at Enola. Appellee was not attempting to put another theory of the ignition of the fire before the jury. Appellant now claims that this instruction was fundamental error requiring us to reverse the lower court and grant a new trial.
We agree with appellant that the submission of this theory to the jury was error, and that if the jury had predicated its verdict upon that theory, and if that portion of the charge had been properly excepted to by the appellant, the verdict would have to be overturned. We have no way of knowing, however, whether or not the jury predicated its verdict upon the “rivet” theory, as the jury returned a general verdict. Appellant never requested a special verdict, nor did it request that special interrogatories be given to the jury to determine what was the basis of their decision.
If we could determine that the jury found for the appellee upon the “rivet” theory, the trial judge’s reference to the “rivet” theory would constitute “basic, *16 fundamental and prejudicial error,” which would require the granting of a new trial. Gilmore v. Marsh, 424 Pa. 361, 364, 227 A. 2d 881 (1967). We cannot determine, however, that the jury relied upon the “rivet” theory. In view of appellant’s failure to request a special verdict or interrogatories of the jurors, the apparent relative strength of the two other theories presented to the jury, and fact that appellee did not argue the “rivet” theory to the jury, we hold that the trial judge’s charge was not the “basic, fundamental and prejudicial error” which would require the reversal of the judgment below. Gilmore v. Marsh, supra.
Appellant’s other two contentions are that (1) appellee was bound by the admission of appellant’s answers to certain interrogatories which indicated that none of appellant’s employees had entered the car at Enola, and (2) that the trial judge committed fundamental error by permitting the introduction of portions of the deposition of appellee’s expert, Everett Chapman, who died prior to the trial. The lower court considered and rejected these arguments, and we are in accord with its reasoning. A party is bound by the testimony of an adverse party only where it is not contradicted by other evidence in the case or is inherently unreliable. Duffy v. National Janitorial Services, Inc., 429 Pa. 334, 336-37, 240 A. 2d 527 (1968); see Readshaw v. Montgomery, 313 Pa. 206, 169 A. 2d 135 (1933). In the instant case there was both circumstantial and opinion evidence that the boxcar was entered, and appellee was not bound by appellant’s denial of entry in the complete answers to the interrogatories.
Appellant’s contention that the admission of the deposition of appellee’s expert into evidence was error cannot be sustained. Appellee clearly established Mr. *17 Chapman’s expert qualifications, and Ms first-hand knowledge of the physical facts in the case. Appellant’s counsel during the course of the deposition had complete and unrestricted access to the factual basis for Mr. Chapman’s opinion. The record shows that all of the facts necessary to support the witness’s conclusion were contained in the deposition.
For the above reasons the judgment of the lower court is affirmed.