## Prentice v. Port Authority

*Lloyd F. Engle, Jr.,* for plaintiffs.
*G. N. Evashavik,* for defendants.

FINKELHOR, *J.,* April 26, 1982 — This matter came before the court, en banc, on the motion of plaintiffs, husband and wife, for a new trial from the jury verdict returned September 16, 1982, in favor of defendants. This action in trespass arose from a collision between a streetcar and a motor vehicle at the intersection of Biltmore Avenue and the Port Authority right-of-way in the Borough of Dormont. The accident occurred at about 9:00 A.M

on September 26, 1975, when the husband-plaintiff was operating his vehicle in a northwesterly direction toward the trolley intersection. Plaintiff's vehicle was struck on the left side by the trolley operated by defendant Mooney. The trolley entered the intersection from the left of the motor vehicle.

The issues, as raised by plaintiffs, are as follows:

(1) The propriety of the court's charge on "unlawful speed" under section 1013 of the Motor Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. § 1013, since repealed.[1]

(2) The status of company rules and regulations in establishing negligence of the driver.

(3) The duty of the operator of the trolley to sound a warning bell or horn.

(4) Duty to stop before crossing an intersection.

In support of their contentions that the charge was in error, plaintiffs transcribed only that portion of the record dealing with the requested points for charge and the charge as given by the court.

Local Rule 227.1*1 states that "on motions for new trials . . . only those portions of the testimony relating to the questions raised need be transcribed." Section D further provides that "if counsel cannot agree on the evidence to be transcribed, the matter may be submitted to the Trial Judge."

It is the contention of defendant that the issues raised by plaintiffs cannot be resolved without a consideration of the complete transcript. This matter was not submitted to the trial judge prior to the argument on the motion for a new trial and the record has not been transcribed.

Based upon what the court considers to be an

---

1. This section of the Motor Vehicle Code was changed by the Code of 1976: 75 Pa.C.S.A. §3321.

inadequate record, it is impossible to rule on allegations made by both parties as to the evidence adduced at trial.[2]

It is elementary that in a motion for a new trial, all inferences must be decided in favor of the verdict winner and a new trial may only be granted where the record fails to support the jury's findings. Lacking the transcript, there is no way that the court can consider whether the facts support the court's charge and the court will limit its review to the legal validity of the charge.

Plaintiffs' action against the authority was grounded on two theories. First, plaintiffs contend that the driver of the trolley was negligent in failing to use due care in bringing the streetcar into the intersection and, secondly, that the Port Authority was negligent in failing to properly maintain the surrounding trees and bushes on the authority right-of-way and, as a result, the vision of a driver approaching the intersection was limited. Defendants contend that they were not negligent in operating the trolley, that they had no duty to clear the surrounding brush and that plaintiff was negligent in failing to look before proceeding on the tracks and in driving at an excessive speed.

## DISCUSSION

### Unlawful Speed

Section 1013 of the Vehicle Code of 1959 provides for priority of two vehicles at an intersection as follows: "Section 1013. Right of Way. —

(a) When two (2) vehicles, or two (2) streetcars, or two (2) trackless trolley omnibuses, approach or

---

2. Neither party has requested a continuance for the transcription of the complete record.

enter, or when any vehicle, streetcar, or trackless trolley omnibus, approaches or enters an intersection at approximately the same time, the operator of the vehicle, streetcar, or trackless trolley, omnibus on the left, shall yield the right of way to the vehicle, streetcar, or trackless trolley omnibus on the right, except as otherwise provided in this act. *The driver of any vehicle, streetcar, or trackless trolley omnibus traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.*" (Emphasis supplied.)

Plaintiffs requested a charge to include the first paragraph of section 1013, but did not include the underlined portion relating to "unlawful speed."

The court read the entire section, including the forfeiture of the right-of-way and further stated: "However, any vehicle which is traveling at an unlawful speed shall forfeit any right of way that it may have."

It is plaintiffs' contention that this charge was in error because there was no testimony in the record that plaintiff's vehicle was traveling beyond the posted speed of 35 miles an hour. Defendant's allege that the driver testified as to the speed of plaintiff's vehicle and that the vehicle was out of control. Lacking a record, the court cannot evaluate the accuracy of these positions.

However, there is a legal issue. It can be inferred, from plaintiffs' argument, that "unlawful speed" is limited to those instances where there is a posted speed and that speed is exceeded by the driver. It is defendants' position that the language "unlawful speed" is any speed which is "too fast for conditions."

Unlawful speed is not defined in the 1959 Vehicle Code.

It is well settled that the court may not instruct the jury on law that is not applicable to the facts of the case: Connelly Containers, Inc. v. Pa. RR, 222 Pa. Superior Ct. 7, 292 A. 2d 528 (1972); Frank B. Bozzo, Inc. v. Electric Weld Div., 283 Pa. Superior Ct. 35, 423 A. 2d 702 (1980). However, plaintiffs first set forth a narrow defintion of "unlawful speed" and then allege that there are no facts of record within this definition.

There is nothing to support plaintiffs' position that the word "unlawful" in the Vehicle Code is limited to a violation of posted speed. Speed is equally unlawful if a driver is proceeding too fast for the conditions of the roadway or the character of the intersection. It is possible to infer from the circumstances of the accident and other testimony that the driver was proceeding too fast for the conditions surrounding this particular accident.

Therefore, as a matter of law, plaintiffs' narrow interpretation of the language of section 1013 of the Vehicle Code is not supported by definitions within the code, itself, or applicable Pennsylvania case law and is without merit.

## Status of Port Authority Regulations

Plaintiffs' request for charge no. 5 provided as follows:

"The operator of the streetcar owned by the Port Authority of Allegheny County is required by its rules to approach all intersections so that a stop can be made before the front of the streetcar enters the intersection."

The court charged as follows: "You may also consider in determining whether or not there was negligence on the part of the driver of the streetcar, you may also consider the safety rules which the Port

Authority has promulgated for its employees and whether or not these rules were followed in this particular case."

The rules and regulations of the Port Authority are a factor to be considered in equating negligence but are not on a par with statutory language or prior opinions of the court: Customary methods of conduct, such as the Port Authority regulations, do not furnish a test which is conclusive or controlling on the question of negligence or fix a standard by which negligence is to be gauged: Thomas v. Arvon Products, 424 Pa. 365, 227 A. 2d 897 (1967). Violation of Port Authority rules may be considered as evidence but the mere violation of these rules does not establish negligence per se. Thus, the issue was a question of fact to be considered by the jury in determining negligence.

### Warning Signals

Plaintiffs allege as error the failure of the court to give the following requested charge:
"If you find that no warning, such as a bell or a horn was given by the operator of the streetcar before entering the intersection you should return a verdict in favor of the plaintiffs." In fact, plaintiffs are requesting a directed verdict. The court charged as follows:

"When a party has taken control over the maintenance of a physical feature on land such as trees and shrubs, that party is required to maintain them in such a way as to not create a dangerous condition to one attempting to cross the land at a vehicular crossing. You may also consider as to whether or not there was negligence by either the driver of the vehicle or the driver of the streetcar as to whether or not there was a bell or horn on the streetcar and

whether or not that bell or horn was used to warn drivers at the crossing of the possible arrival of the streetcar."

While failure to sound a horn may be evidence of negligence, such failure does not establish negligence per se. In Jerdon v. Philadelphia Rapid Transit, 260 Pa. 275, 103 Atl. 733 (1918), the court held that a brightly lit car could, itself, constitute a sufficient warning to other vehicles.

In addition, there is a factual issue as to whether the plaintiff knew or should have known of the streetcar's approach. This knowledge could stem from the plaintiff's duty to look and listen, as well as the driver's duty to sound an alarm: Carden v. Philadelphia Transportation, 351 Pa. 407, 41 A. 2d 667 (1945). The charge as given by the court included the opposing contentions of counsel and properly framed the question for the jury: Pratt v. Scott Enterprises, Inc., 421 Pa. 46, 218 A. 2d 795 (1966).

## Duty to Stop

Plaintiffs' other arguments deal with the reading of defendant's points on the duty of a driver to stop or to avoid a collision.

It is well established law that the charge of the court must be taken as a whole and not sentence by sentence or clause by clause: McCay v. Philadelphia Electric Co., 447 Pa. 490, 291 A. 2d 759 (1972); Kline Cooperage Inc. v. Kistler, 286 Pa. Supreme Ct. 84, 428 A. 2d 583 (1981).

The court charged as follows:

"Both the driver of a vehicle about to cross the tracks of a street railway and the operator of the company's trolleys have well-defined duties to observe at highway crossings. The travelers must

look for approaching streetcars before entering upon the first rail and the traveler must have his vehicle under such control that he can stop before getting into the path of an approaching trolley. It is the duty of a streetcar not yet into an intersection to yield to the rights of other vehicles entering such intersection. The operator of a streetcar approaching a highway crossing should have his car under such control as the circumstances require."

"It is not enough for plaintiff to say that he stopped prior to entering upon the streetcar tracks. He may not enter upon the streetcar tracks until he may safely do so."

If the charge is examined as a whole, we believe it is a correct statement of the governing law as set forth in the Motor Vehicle Code and that plaintiffs' exceptions are without merit: Kelly v. Philadelphia Transportation Co., 146 Pa. Superior Ct. 445, 43 A.2d 57 (1941).

Finally, because we do not have the transcript of these proceedings, there is no basis to reach the cnclusion that the evidence of record does not support the charge as given.

Based upon the above discussion, an appropriate order is attached hereto.

### ORDER

And now, April 21, 1982, upon the motion of plaintiffs Charles W. Prentice and Mary Prentice, husband and wife, for a new trial, based upon the attached opinion, it is hereby ordered, adjudged and decreed that said motion for a new trial is denied. Judgment to be entered upon payment of verdict fee.